**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-20073-CIV-ALTONAGA/Damian**

FLORAL LOGISTICS OF MIAMI, INC.,

*Plaintiff/Counter-Defendant*,

v.

NEW YORK GARDEN FLOWER
WHOLESALE, INC., and DHAN
PAIH, an individual,

*Defendants/Counter-Plaintiffs*.

_____/

**FLORAL LOGISTICS OF MIAMI, INC.'S MOTION TO DISMISS NEW YORK
GARDEN FLOWER WHOLESALE, INC.'S COUNTERCLAIM**

Plaintiff/Counter-Defendant, FLORAL LOGISTICS OF MIAMI, INC. ("Floral Logistics" or "Counter-Defendant"), by and through undersigned counsel, hereby files its Motion to Dismiss Counter-Plaintiffs NEW YORK GARDEN FLOWER WHOLESALE, INC.'s ("NY Garden" or "Counter-Plaintiff") Counterclaim, and states as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On November 30, 2022, Floral Logistics filed a lawsuit in Miami Dade County against NY Garden and Dhan Paih (collectively referred to as "Defendants"). On January 8, 2023, Defendants removed the case to this Court for diversity. On February 2, 2023, Defendants filed their answer and affirmative defenses and NY Garden filed its Counterclaim. [ECF No. 13]. On February 24, 2023, this Court entered an order resetting the Floral Logistics' response deadline to the Counterclaim to February 28, 2023.

1

## II. ARGUMENT AND MEMORANDUM OF LAW

### A. Standard of Review

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. Although a complaint challenged by an opposing party need not contain detailed factual allegations, a plaintiff must provide the "grounds" for his entitlements to relief, amounting to more than a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And, in deciding a motion to dismiss pursuant to Rule 12(b)(6), the court's analysis is generally limited to the four corners of a complaint and the attached exhibits. *Grossman v. Nationsbank*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, a court may consider records outside the four corners of the complaint if they are central to plaintiff's claims and of undisputed authenticity. *See Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005). Documents need not be physically attached to a complaint ot be incorporated by reference into it. *Id.*

The Court must also accept a plaintiff's well-pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Caravello v. Am. Airlines, Inc.*, 315 F.Supp.2d 1346, 1348 (S.D. Fla. 2004) (internal citations omitted). Ultimately, the court must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqubal*, 556 U.S. 662 (2009). A complaint can only survive a Rule 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise. Right to relief above the speculative level, on the assumption that the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. Finally, a plaintiff will generally be allowed to amend their complaint once as a matter of course. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); Sigler v. Bradshaw, No. 13-90783-CIV, 2015

WL 1044175, at *4 (S.D. Fla. Mar. 10, 2015). However, no leave to amend need be granted if amendment would be futile and would not serve to cure the defective pleading. *Id.*

### B. Counter-Plaintiff's Counterclaim Must be Dismissed, As It Fails to State a Claim Upon Which Relief Can Be Granted.

#### i. Counter-Plaintiff Has Failed to Identify Any Material Breach of Contract

A review of Counter-Plaintiff's Counterclaim fails to show a breach of contract has occurred. First, Counter-Plaintiff attempts to sue both for breach of contract and negligence in a single count. Counter-Plaintiff fails to allege any of the required elements for a breach of contract claim. Counter-Plaintiff does not state there is a contract nor what, if any, material breach occurred. The only issues Counter-Plaintiff alleges is that Counter-Defendant "was negligence and careless in providing safekeeping of the quality of the flowers. . . ." *See* Counterclaim at ¶ 13. It seems Counter-Plaintiff is merely suing because of Floral Logistics' complaint to begin with. See Counterclaim at ¶ 14 ("Unless this Court denies Floral Logistics' claims in the amount f $80,909.31, . . . Ny Garden would lose $131,990.31"). Counter-Plaintiff then moves on to state "[a]s a direct and proximate result of Floral Logistics' breach of contract" without stating the breach. *Id.* at ¶ 15. Counter-Plaintiff's entire first cause of action is unclear as to whether it's a breach of contract claim, a negligence claim, or just a request for set off. Therefore, the count must be dismissed for failure to state a claim.

### C. Counter-Plaintiff's Negligence Claim Does Not Comply With the Independent Tort Doctrine.

Counter-Plaintiff grounds its negligence claim in the same allegations and duties which underlie its breach of contract claim, in fact they are both laid out in the same improper count. Since a cause of action for negligence, like any other tort, must be premised on breach of a duty independent of contractual obligations, Counter-Plaintiff has failed to state a cause of action for

negligence, and it must be dismissed pursuant to the independent tort doctrine.

In Florida, "[f]undamental contractual principles continue to bar a tort claim where the offending party has committed no breach of duty independent of a breach of its contractual obligations." *Alhassid v. Bank of Am., N.A.*, 60 F.Supp.3d 1302, 1318 (S.D. Fla. 2014) (quoting *Freeman v. Sharpe Res. Corp.*, 2013 WL 2151723, at *8 (M.D. Fla. May 16, 2013)); *Elec. Sec. Sys. Corp. v. S. Bell Tel. And Tel. Co.*, 482 So. 2d 518, 519 (Fla. 3d DCA 1986) ("Since a breach of contract, alone, cannot constitute a cause of action in tort, the trial court properly dismissed the negligence count. It is only when the breach of contract is attended by some additional conduct which amounts to an independent tort that such breach can constitute negligence.") (internal citation omitted); *Island Travel & Tours, Ltd., Co. v. MYR Indep., Inc.*, 300 So. 3d 1236, 1239–40 (Fla. 3d DCA 2020) ("It is a fundamental, long-standing common law principle that a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract."); *S. Wind Aviation, LLC v. Cessna Aircraft Co.*, No. 6:12-cv-1376-Orl-22DAB, 2014 WL 12570958, at *5 (M.D. Fla. July 15, 2014) ("Although the economic loss rule is limited to product liability cases, parties in contractual privity still may not assert causes of action that are otherwise breach-of-contract claims as tort claims.").

Here, Counter-Plaintiff's first cause of action are both for breach of contract and negligence without distinction. The same facts alleged for a breach of contract are alleged for the negligence claim. No separate or independent tort or duty is alleged at any point in the Counterclaim, and it is clear the parties' respective duties, if any, is entirely grounded in contract, with no additional conduct alleged outside of it and the obligations thereunder.

Accordingly, as Counter-Plaintiff's allegations clearly show that it runs afoul of the independent tort doctrine, and as its pleading offers nothing to suggest that the doctrine can be

4

satisfied under these circumstances, dismissal of Counter-Plaintiff's negligence claim with prejudice is warranted.

### III. CONCLUSION

Therefore, as Counter-Plaintiff's first cause of action is both in breach of contract and negligence, it must be dismissed for failure to state a claim and for failure to comply with the independent tort doctrine. Any amendment to correct the negligence claim would be futile as no independent tort has been alleged, nor could it, aside from a breach of contract claim. Dismissal as to the negligence claim with prejudice is appropriate.

**WHEREFORE**, for the reasons stated above, Counter-Defendant Floral Logistics of Miami, Inc. respectfully requests this Honorable Court enter an order dismissing Counter-Plaintiff's Counterclaim and specifically the negligence claim with prejudice, awarding Counter-Defendant its attorney's fees and costs, and granting any and all additional relief this Court deems just and proper.

### NO CERTIFICATION REQUIRED UNDER LOCAL RULE 7.1(a)(1)(3)

As Counter-Defendant is seeking dismissal for Counter-Plaintiff's failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6), no conference as to the requested relief is required pursuant to the Local Rules of this Court.

Respectfully submitted this 28th day of February 2023.

**AINSWORTH + CLANCY, PLLC**
*Attorneys for Plaintiff*
801 Brickell Avenue, 8th Floor
Miami, Florida 33131
Telephone: (305) 600-3816
Facsimile: (305) 600-3817

By: *s/ Ryan Clancy*
Ryan Clancy, Esq.
Florida Bar No. 117650

Email: ryan@business-esq.com
Email: info@business-esq.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 28, 2023 a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF.

By: *s/ Ryan Clancy*
Ryan Clancy, Esq.