**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 23-20073-CIV-ALTONAGA/Damian

FLORAL LOGISTICS OF MIAMI, INC.,
a Florida Profit Corporation,

                Plaintiff,
-against-                                        **CIVIL ACTION**

NEW YORK GARDEN FLOWER WHOLESALE,
INC., a New York Profit Corporation, and DHAN
PAIH, an individual,

                Defendants.
----------------------------------------------------------------/

**DEFENDANTS' ANSWER TO THE PLAINTIFF'S COMPLAINT, SEPARATE DEFENSES AND DEMAND FOR JURY TRIAL AND AMENDED COUNTERCLAIM**

Defendants, NEW YORK GARDEN FLOWER WHOLESALE, INC., a New York Profit Corporation ("NY Garden") and DHAN PAIH a/k/a Daniel Bae, an individual ("PAIH") (collectively "Defendants"), by and through the undersigned counsel, Daniel D. Kim, Esq., PHV counsel, hereby submits this Answer, Affirmative Defenses, and Counterclaim in response to the Complaint served by Plaintiff FLORAL LOGISTICS OF MIAMI, INC ("Plaintiff" or "Floral Logistics") and Demand a Trial by Jury as follows:

**PARTIES, JURISDICTION, VENUE**

1.     Admitted.

2.     Defendants admit to the extent that NY Garden is a New York

1

corporation but deny doing business in Florida. Defendants leave to Plaintiff's proof for personal jurisdiction arising out of the alleged Statement of Account, Exhibit "A" of the Complaint and Credit Application attached as Exhibit "B" therein.

3. Defendants deny that Paih is a resident of New York and leaves Plaintiff's proof that the agreement confers jurisdiction in the State of Florida.

4. Admitted. However, the alleged damages exceed the minimum amount ($75,000) required in diversity jurisdiction.

5. Admitted, and this Court is the proper venue for this diversity case.

**GENERAL ALLEGATIONS COMMON TO ALL CLAIMS**

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit only to the extent that NY Garden is in the wholesale business of flowers in New York but object to Plaintiff's characterization of "United States" as a broad interstate business activity of Garden Flower.

8. Defendants admit that Plaintiff was responsible for the transportation of flowers to NY Garden from November 4, 2021, through August 11, 2022, but lack knowledge or information sufficient to form a "variety of services to Defendant" and objects to the unspecified services as alleged in paragraph 8 of the Complaint.

9. Defendants neither admit nor deny the allegations contained in paragraph 9 of the Complaint and leave Plaintiff to its proof in chief.

10. Defendants deny Paih's personal guaranty as alleged in paragraph 10 of the Complaint. Moreover, Defendants object to the insertion of "Guarantor" not found in the exact paragraph therein. Defendants respectfully refer to the Court for its interpretation and applicability therein.

11. Denied.

12. Denied.

13. Denied.

14. Defendants admit to the extent that Plaintiff's letter was sent on or about August 23, 2022. However, Defendants dispute the alleged debts.

15. Denied.

16. Denied.

17. Denied, and Defendants respectfully refer to Court for the interpretation and applicability of the provision cited in paragraph 17 of the Complaint.

18. Denied.

19. Denied.

## COUNT 1
## OPEN ACCOUNT
### (Against NY Garden)

20. As to the paragraph 20 of the Complaint, answering Defendants

repeat, reiterate, and reallege each and every denial heretofore made with respect to paragraphs "1" through "19" inclusive, with the same force and effect as if fully set forth at length herein.

21.   Defendants admit that there was a Credit Application executed on September 26, 2019. However, Defendants leave Plaintiff to its proof in chief to prove the existence of the contract in question.

22.   Denied.

23.   Denied.

As to the **WHEREFORE** clause following Paragraph 23 of the Complaint, Defendants deny the appropriateness or permissibility of the relief sought therein and further deny that Plaintiff is entitled to any relief and/or damages.

## COUNT 2
## ACCOUNT STATED
**(Against NY Garden)**

24.   As to paragraph 24 of the Complaint, answering Defendants repeat, reiterate, and reallege each and every denial heretofore made with respect to paragraphs "1" through "23" inclusive, with the same force and effect as if fully set forth at length herein.

25.   Denied.

26.   Denied.

27.   Denied.

As to the **WHEREFORE** clause following Paragraph 27 of the Complaint, Defendants deny the appropriateness or permissibility of the relief sought therein

4

and further deny that Plaintiff is entitled to any relief and/or damages.

## COUNT 3
## BREACH OF CONTRACT
### (Against NY Garden)

28. As to paragraph 28 of the Complaint, answering Defendants repeat, reiterate, and reallege each and every denial heretofore made with respect to paragraphs "1" through "27" inclusive, with the same force and effect as if fully set forth at length herein.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint. Defendants refer to this Honorable Court for the applicability of the Florida Uniform Commercial Code.

30. Defendants admit that there was a Credit Application executed on September 26, 2019, as shown in Exhibit "B." However, Defendants leave Plaintiff to its proof in chief to prove the existence of the contract for its Composite Exhibit "A."

31. Denied.

32. Denied.

33. Denied.

As to the **WHEREFORE** clause following Paragraph 33 of the Complaint, Defendants deny the appropriateness or permissibility of the relief sought therein

5

and further deny that Plaintiff is entitled to any relief and/or damages.

## COUNT 4
## BREACH OF CONTRACT
### (Against Paih)

34. As to paragraph 34 of the Complaint, answering Defendants repeat, reiterate, and reallege each and every denial heretofore made with respect to paragraphs "1" through "33" inclusive, with the same force and effect as if fully set forth at length herein.

35. Defendants admit that there was a Credit Application executed on September 26, 2019. However, Defendants leave Plaintiff to its proof in chief to prove the existence of the contract in question.

36. Denied.

37. Denied.

38. Denied.

As to the **WHEREFORE** clause following Paragraph 38 of the Complaint, Defendants deny the appropriateness or permissibility of the relief sought therein and further deny that Plaintiff is entitled to any relief and/or damages.

## COUNT 5
## UNJUST ENRICHMENT
### (Made in the Alternative Against NY Garden)

39. As to paragraph 39 of the Complaint, answering Defendants repeat, reiterate, and reallege each and every denial heretofore made with respect to

paragraphs "1" through "38" inclusive, with the same force and effect as if fully set forth at length herein.

40. The allegations in paragraph 40 of the Complaint assert a legal conclusion to which no response is required.

41. The allegations in paragraph 41 of the Complaint assert a legal conclusion to which no response is required.

42. Denied.

As to the **WHEREFORE** clause following Paragraph 42 of the Complaint, Defendants deny the appropriateness or permissibility of the relief sought therein and further deny that Plaintiff is entitled to any relief and/or damages.

## COUNT 6
## PROMISSORY ESTOPPEL
### (Made in the Alternative Against Paih)

43. As to paragraph 43 of the Complaint, answering Defendants repeat, reiterate, and reallege each and every denial heretofore made with respect to paragraphs "1" through "42" inclusive, with the same force and effect as if fully set forth at length herein.

44. Denied.

45. The allegations in paragraph 45 of the Complaint assert a legal conclusion to which no response is required.

46. Denied.

47. Denied.

As to the **WHEREFORE** clause following Paragraph 47 of the Complaint,

Defendants deny the appropriateness or permissibility of the relief sought therein and further deny that Plaintiff is entitled to any relief and/or damages.

Any paragraph not responded to herein is hereby specifically denied and the Defendants demand strict and express proof of any and all such allegations.

**WHEREFORE,** Defendants deny the entirety of Plaintiff's prayer for relief.

## AFFIRMATIVE DEFENSES

The following affirmative defenses are raised independently in the alternative or in conjunction or combination with each other.

### FIRST AFFIRMATIVE DEFENSE

A. The Credit Application signed on September 26, 2019 (Exhibit "B") does not constitute Paih's personal guaranty for lack of consideration, proper absolute and unconditional guarantee "language" and terms required to be binding as a personal guarantor of NY Garden's indebtedness.

### SECOND AFFIRMATIVE DEFENSE

B. Exhibit "B" contained Paih's just one signature. The document is unenforceable as a "guarantor." Alternatively, in the event, the Court finds Paih's signature is a personal guarantor of his obligations, NY Garden's obligations are unenforceable.

### THIRD AFFIRMATIVE DEFENSE

C. Defendants already paid for approximately $23,377.57 listed on the Invoices on Exhibit "A."

### FOURTH AFFIRMATIVE DEFENSE

D. The defective goods were delivered in an unsellable condition. As such, Plaintiff could not charge them to NY Garden.

### FIFTH AFFIRMATIVE DEFENSE

E. Plaintiff's claim is barred to the extent Plaintiff failed to perform the delivery of goods or to the extent that Plaintiff failed to satisfy a condition precedent to this action. In other words, Plaintiff's claims are barred, in whole or in part, by the "first to breach" legal principle.

### SIXTH AFFIRMATIVE DEFENSE

F. Plaintiff's claims are barred by the principles of the Statute of Frauds, laches, estoppel, waiver, and unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

G. Plaintiff's damages must be reduced, and set off from monies received from Defendants' checks and "defective" goods.

### EIGHTH AFFIRMATIVE DEFENSE

H. Plaintiff knew or should have known that Defendants protested, objected, and related credits due from the farm in Colombia. Thus, Plaintiff's claim fails because it did not mitigate its damages.

### NINETH AFFIRMATIVE DEFENSE

I. Plaintiff's claims are barred in whole or in part on the ground that if Plaintiff was damaged, such damage was a direct and proximate result of the intervening and superseding actions on the part of Plaintiff, Plaintiff's agents,

independent contractors, and/or transportation personnel, not Defendants, and any such intervening or superseding mishap in destroying the goods cannot be recovered from Defendants.

**WHERFORE,** Defendants demand judgment in their favor dismissing Plaintiff's Complaint with prejudice and awarding (i) costs; (ii) reasonable attorney's fees; and (iii) such further relief as the Court deems just and proper.

## AMENDED COUNTERCLAIMS

NY GARDEN counter-sues Counter-Defendant Floral Logistics and alleges:

1. The counterclaim asserted herein arise out of the same transaction or occurrence as Counter-Defendant's claims.

2. This is counterclaims to Floral Logistics' claims and damages in excess of $75,000.00, exclusive of interest, costs, and attorney's fees for breach of contracts (oral or written) to deliver the good quality of flowers from South America through Counter-Defendant to NY Garden's principal place of business located at 171-10 39th Avenue, Flushing, County of Queens, New York 11358.

3. This Court has supplemental jurisdiction over the counterclaim, which is compulsory, under 28 U.S.C. §1367.

## GENERAL ALLEGATIONS

4. On or about April 2022, NY Garden contacted farms in Colombia, Valley, Cultivos Del Norte, and CQ Flowers to obtain the best quality flowers for Mother's Day on May 8, 2022.

5. NY Garden's employees spent time and money to secure the best quality goods to be sold to the approximately twenty small retail flower shops and businesses in the boroughs of New York: Brooklyn, Bronx, Queens, and Long Island.

6. NY Garden had maintained a long-term relationship and developed creditworthiness with these small businesses that mainly relied on NY Garden's shipments.

7. In April 2022, all aforesaid farms confirmed that they had loaded the goods via airplane by transferring custody to Floral Logistics.

8. The aforesaid flowers were scheduled to be delivered at the end of April to NY Garden's business location. They did not. They arrived beyond the expected date on the first week of May.

9. When the boxes were opened, the flowers were in "bad conditions, burned, "warmed" out, and defective that they could not be sold to retailers.

10. The total amount paid to flowers combined with the transportation fee due to Floral Logistics is $80,909.31.

11. NY Garden lost $51,081 in profits from its retail customers.

### FIRST CAUSE OF ACTION: BREACH OF AGREEMENT

12. NY Garden reasonably relied on Floral Logistics' promise to deliver the goods in time, safeguarding the quality of the flowers.

13. Floral Logistics agreed to deliver the goods via air transportation from Colombia to Florida and then the ground courier from Florida to NY

Garden's business location.

14. Floral Logistics agreed to deliver the goods on time, by the end of April, for NY Garden's wholesale business for Mother's Day on May 8, 2022.

15. Floral Logistics not only failed to deliver on time (arrived in the first week of May 2022) but breached the agreement in providing safekeeping of the quality of the flowers from Colombia to New York.

16. Unless this Court denies Floral Logistics' claims in the amount of $80,909.31 (Exhibit "D-1"), NY Garden would incur a loss of $131,990.31.

17. As a direct and proximate result of Floral Logistics' breach of contract and implied covenant of good faith and fair dealings, NY Garden has suffered $51,081, not even counting the loss of reputation and business relationship as a result of non-delivery to its retail customers for Mother's Day sales.

**SECOND CAUSE OF ACTION: (ALTERNATIVE OR SECOND CLAIM: NEGLIGENCE)**

18. Counterclaimant repeats and reiterates each and every allegation contained in paragraphs "1" through "17" of this Counterclaim under the same force and effect as if fully set forth herein.

19. Floral Logistics holds out as specializing in the same and timely transportation and handling of critical temperature-sensitive shipments (flowers) and offers delivery to NY Garden's wholesale business premises in Flushing, New York.

20. Floral Logistics knew or should have known that NY Garden must receive the goods by the end of April 2022 to redistribute them to retail business customers to prepare them for Mother's Day sales.

21. There is a history of similar transactions between Counterclaimant and Floral Logistics.

22. Upon information and belief, the goods were transported by the aforesaid farm to the airport in Colombia.

23. Upon information and belief, Floral Logistics took control of the goods via air courier and ground courier, delivering the shipments to NY Garden's wholesale business premises in Flushing, New York.

24. Upon information and belief, Floral Logistics and its servants, agents, employees, and/or independent contractor negligently failed to perform duties of "bailment" under the Florida state laws.

25. Alternatively, Floral Logistics breached its duties as follows:

   (i) in failing to safeguard the goods promptly to the freezer throughout transportation;

   (ii) in failing to coordinate the air courier and the ground courier in a safe and reasonable manner to safeguard the temperature sensitive goods;

   (iii) in failing to inspect the goods reasonably and safely upon receiving the goods from Colombia airport to the International airport in Florida;

> (iv) in failing to provide adequate personnel to operate the logistic system to ensure a reasonable safeguarding the temperature sensitive goods via air and ground couriers;
>
> (v) in failing to maintain reasonable steps in isolating, blocking and securing the temperature-sensitive goods;
>
> (vi) in failing to adequately inspect the goods in time for defects and the inadequate logistic system providing reasonably safe measures for the temperature-sensitive goods under the circumstances;
>
> (vii) in providing, operating, and maintaining the logistic system with knowledge, actual or constructive, that its chains of the system were unreasonably unsafe for the temperature-sensitive goods;
>
> (viii) in failing to notify NY Garden in time that the goods could not meet the deadline, and the goods were "burned" and "defective," and;
>
> (ix) upon information and belief, Counterclaim Defendant breached a nondelegable duty owed to NY Garden as required by the applicable Florida laws and Federal Common laws.

26.     Counterclaimant cannot more specifically allege the acts of negligent designing logistic system, operation, maintenance, and inspection on the part of Floral Logistics and its servants, agents, employees, and/or independent contractors, for the reason that facts in that regard are peculiarly within the knowledge of Counterclaim Defendant Floral Logistics. As such, the doctrine of

*res ipsa locqutur* is applicable. In this connection, NY Garden would show that the designing system, application of operation, maintenance, and inspection of the temperature-sensitive flowers and couriers were within the exclusive control of Floral Logistics, its servants, agents, employees, and/or independent contractors.

27. Counterclaimant does not have a reasonable means of ascertaining the method or manner in which the logistic system and couriers were designed, applied, operated, maintained, and inspected.

28. Counterclaimant was directed to pay for the aforesaid defective shipments that were existed in the control of Floral Logistics.

29. Floral Logistics, its servants, agents, employees, and/or independent contractors' negligence was a proximate cause and one of the significant factors causing damages to the goods and consequential loss of business reputation and money.

## **PRAYER FOR RELIEF**

**WHEREFORE,** with respect to the foregoing causes of action, NY Garden respectfully requests that Court:

i. Under First Cause of Action, award judgment for Compensatory Damages, Consequential Damages, and Special Damages against Counter-Claim Defendant to be determined by Jury, not less than $75,000.00;

ii. In alternative or separately Under Second Cause of Action, award judgment for damages against Counter-Claim Defendant to be determined by Jury, not less than $75,000.00;

      iii.     Order Counter-Defendant to provide an accurate accounting by deleting Invoices already paid;

      iv.     award a reasonable attorney's fees, costs of suit; and

      v.     Grant such further relief as the Court deems just and proper.

## JURY DEMAND

Defendant hereby requests a trial by jury on all issues triable by jury.

Dated: March 16, 2023           Respectfully submitted,

LAW OFFICES OF DANIEL D. KIM
PHV *Attorney for Defendants*
*/s/ Daniel Kim*
By: Daniel D. Kim, Esq.
danieldkimlaw@gmail.com
(201) 741-1114 *c.p.*
(646) 349-1732 *fax*

**JOSE A. BLANCO, P.A.**
102 E 49th ST,
Hialeah, FL 33013
305-349-3463
jose@blancopa.com

By:   */s/ Jose A. Blanco*
JOSE A. BLANCO, ESQ.
Florida Bar No. 062449

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on March 16, 2023. I also certify that the foregoing document is being served this day on counsel of record, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner to the following: Ryan M. Clancy, Esq. (ryan@business-esq.com) AINSWORTH + CLANCY, PLLC, *Attorneys for Plaintiff*, 801 Brickell Ave., 8th Fl., Miami, FL 33131. This certificate is taken as prima facie proof of such service in compliance with FRJA 2.516.

By:  */s/ Jose A. Blanco*
JOSE A. BLANCO, ESQ.