UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FLORAL LOGISTICS OF MIAMI, INC.,
a Florida Profit Corporation,

                Plaintiff,

-against-

NEW YORK GARDEN FLOWER WHOLESALE,
INC., a New York Profit Corporation, and DHAN
PAIH, an individual,

                Defendants.

-----------------------------------------------------------------/

Case No.: 23-20073-CIV-ALTONAGA/Damian

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S SECOND MOTION TO DISMISS

Defendants NEW YORK GARDEN FLOWER WHOLESALE, INC. and DHAN PAIH, by and through their counsel, hereby file their Memorandum in Opposition to Plaintiff's Motion to Dismiss Counterclaim, and respectfully state as follows:

## INTRODUCTION

Plaintiff/Counterclaimant Defendant FLORAL LOGISTICS OF MIAMI, INC. ("Floral Logistics") seeks against Defendant/Counterclaimant NEW YORK GARDEN FLOWER WHOLESALE INC. ("New York Garden Flower") damages for breach of contract, and equitable relief if no contract or personal guaranty is found. Floral Logistics files this second motion to argue that New York Garden Flower's Second Cause of Action should be dismissed as a matter of law simply by invoking "the independent tort theory".

1

Counsel does not deal with the alleged facts. Further, with Plaintiff still not answering the Counterclaims, time that could have been spent in discovery has been wasted.

## PROCEDURAL HISTORY

On November 30, 2022, Plaintiff filed a Complaint in Miami-Dade County court.

On January 8, 2023, New York Garden Flower and Defendant Dhan Paih, Plaintiff's alleged individual guarantor, removed to this Court on diversity grounds.

On January 19, 2023, the Court ordered the following schedule: Motion to amend pleadings or join parties by 3/2/2023, discovery deadline 7/31/2023, in limine motions by 9/5/2023, pretrial motions by 8/8/2023, pretrial stipulation by 9/5/2023, and mediation on July 20, 2023. (ECF No. 15).

On February 2, 2023, Defendants interposed an Answer with Counterclaims.

On February 24, 2023, this Court ordered Plaintiff to file an Answer to Defendants' Counterclaims by 2/28/2023.

On February 28, 2023, Plaintiff filed the motion to dismiss Defendants' Counterclaims.

On March 14, 2023, Defendants opposed Plaintiff's motion to dismiss and cross-moved to file Amended Counterclaims.

On March 16, 2023, the Court dismissed Plaintiff's motion as moot and ordered Defendants to file an Amended Answer with Counterclaims by March 16, 2023.

On March 16, 2023, per the Order of this Court, Defendants filed the Amended

2

Answer with Counterclaims.

On March 28, 2023, Plaintiff brought another motion, to dismiss the Second Cause of Action in the Counterclaims.

## **RELEVANT MATERIAL FACTS**

Plaintiff alleges breach of contract based on its allegations that it provided a "variety of services to Defendants from November 4, 2021, up until August 11, 2022". (Complaint ¶8.)

Plaintiff's primary theory of breach of contract against Defendants is that the Credit Application signed on September 26, 2019, constitutes an "Open Account" or a contract for its variety of services rendered during that period. (Complaint Counts I - IV.)

Alternatively, Plaintiff seeks under Counts V and VI, that if no valid contract is found, then theories of unjust enrichment or promissory estoppel apply to recover against Defendants in equity. Floral Logistics is availing itself of F.R.C.P. 8(d)(2), which allows different theories of relief to be pleaded.

As to the facts: In April 2022, New York Garden Flower contacted farms in Colombia, Valley, Cultivos Del Norte, and CQ Flowers to obtain the best quality flowers for Mother's Day on May 8, 2022. New York Garden Flower's employees spent time and money to secure the best quality goods to be sold to the approximately twenty small retail flower shops and businesses in the New York City boroughs of Brooklyn, Bronx and Queens, and on Long Island.

In April 2022, all the farms confirmed that they had loaded the goods via airplane, thereby transferring custody to Plaintiff. The temperature-sensitive flowers were scheduled to be delivered at the end of April to New York Garden Flower's business location. They were not. They arrived beyond the expected date. When the boxes were opened, the flowers were in "bad condition, burned, 'warmed out', and defective". They could not be sold to retailers.

The total amount paid for flowers, combined with the transportation fee due to Plaintiff, is $80,909.31. New York Garden Flower lost $51,081 in profits from its retail customers.

## LEGAL ARGUMENT

## POINT I

## THE SECOND COUNT OF THE COUNTERCLAIMS PASSES MUSTER UNDER RULE 8

"When reviewing a motion to dismiss, a court, as a general rule, must accept [claimant's] allegations as true and evaluate *all plausible inferences* derived from those facts in favor of the [pleader]." (Emphasis added.) *Alhassid v. Bank of Am., N.A.,* 60F. Supp. 3d 1302, 1310 (S.D. Fla. 2014).

FRCP 8(d) states as follows:

(1) Allegations must be simple, concise, and direct. *No technical form is required.*

(2) Alternative Statements of a Claim or Defense. A party may set out two or more statements of a claim or defense alternatively or hypothetically, either *in a single count or defense or in separate ones. If*

4

> *a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.*

(Emphases added.)

It is well-settled that a complaint or counterclaim is not required to allege detailed particularities of the claims. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir. 1976). "All a complaint need do is afford the defendant 'fair notice of what the [counterclaimant's] claim is and the grounds upon which it rests.'" *Id.*

In *Onecom, LLC v. One Inc. Software Corp.,* 2021 U.S. Dist. LEXIS 202351, Oct. 20, 2021 (Torres, J.), this Court emphasized the extent to which F.R.C.P 8(d)(2) allows alternative and inconsistent claims. "[FRCP] 8(d)(2) affords a party considerable flexibility in framing a pleading by expressly permitting claims for relief . . . to be set forth in an alternative or hypothetical manner (citing *Wright & Miller*, 5 Ped. Prac. & Proc. Civ. § 1282 (4th ed. Oct. 2021))." *Id.* at 19.

Here, Floral Logistics itself alleges alternate theories in Counts V and VI but argues that Defendant/Counterclaimant should be limited to the breach of contract claim, the First Cause of Action. But Defendant/Counterclaimant does *not* concede that there was a contract to begin with. Plaintiff's Statement of Account and Invoices of Open Account (Exhibit "A" of the Complaint) is a self-serving statement of alleged deliveries of flowers and the amounts due in accordance with the "contract". Defendants allege in the Second Cause of Action, as an alternative to the First Cause of Action, that even if there is no valid contract, Plaintiff breached its reasonable duties. (*Exhibit "A" to Complaint.*)

5

What the contract terms were (or even if there was a contract) will be found out during discovery. We will find out what, how, when, and why the statements and the goods were prepared and delivered by Plaintiff. Exhibit "B" attached to the Complaint is a credit application. Again, Defendants do not concede it to be a full contract. However, within the credit application, ¶ 5, one finds: "No liabilities for any delay or particular shipping schedule other than reasonable dispatch." (*See, Exhibit "B" to Complaint.*) This language does not exculpate Plaintiff from liability in tort. Defendant/Counterclaimant may prove the unreasonableness of Plaintiff's performance in shipment and its delay. Plaintiff expressly agreed to exercise reasonable "dispatch" for its activities, which took place in Colombia and Florida. Even if one were to acknowledge this document as controlling, Plaintiff has allowed a claim for breach of its duty of reasonable care and "handling of critical temperature-sensitive shipments (flowers) and delivery to NY Garden's wholesale business premises in Flushing, New York." (¶19 of Counterclaim, Exhibit "A".) *See, Jade Winds Ass'n v. First Service Residential Fla.,* 2019 WL 1386048 (Bankr. S.D. Fla. 2019) (contract contemplating tort causes of action by not excluding other bases of liability). This issue is the heart of the Second Count of the Counterclaims: tort.

Defendant/Counterclaimant respectfully submits that Plaintiff took control of the goods via air courier and ground courier, delivering the shipments to New York Garden's wholesale business premises in Flushing, New York. (¶23 of Counterclaim, *Id.*) Thus, Defendant/Counterclaimant adequately alleges in the Second Cause of Action a tort claim arising out of Plaintiff's breach of duties in its performance in connection with the Mother's

6

Day shipment. Counterclaimant has adequately alleged that Plaintiff has breached its duties independent of the "contract", the extent of which will be ascertained in discovery.

As the *Onecom, LLC* court put it, "8(d) of the Federal Rules of Civil Procedure expressly permits the pleading of both alternative and inconsistent claims." *Id.* at 18 (citing *United Techs. Corp v. Mazer,* 556 F.3d 1260, 1273 (11th Cir. 2009). "Put simply, Rule 8(d) permits alternative pleading of inconsistent claims — as long as those inconsistent claims are actually pleaded alternatively." *Id.* at 19-20.

Here, Floral Logistics has not disclosed the means by which the flowers ended up being delivered, defective and late, to New York Garden Flower, and whether this was in compliance with the alleged "Open Account" contract. The facts will come out in discovery. Only then can a finder of fact (or the Court) determine whether there was a breach of duty, or of contract, by either side, and if so, the proper amount of damages -- or if no breach, whether an equitable remedy is available to either side.

Counterclaimant at least arguably avails itself of an independent tort because the negligent conduct, to be discovered, occurred in the shipment process from Colombia to Florida and Florida to New York. Counterclaimant's position is that Plaintiff took custody in Colombia, but Defendants do not yet know who Plaintiff's agents were, or who the independent contractors were, who negligently mishandled the temperature-sensitive flowers. Furthermore, Counterclaimant needs to know who, how, when, and why there was a delay from Florida to New York. See, e.g., *Matonis v. Care Holdings Grp., LLC,* 423 F. Supp. 3d 1304, 1311 (S.D. Fla. 2019) (independent tort doctrine inapplicable where

7

a breach of duty is "independent from acts that breached the contract and does not itself constitute breach of the contract at issue").

Here, Defendant/Counterclaimant New York Flower Garden will obtain facts as to Plaintiff Floral Logistics's arrangement with the courier that transported goods from farms in Colombia. Discovery will also reveal the reason for the delay, and why the flowers were "burned or warmed out" to the point that they could not be resold.

Notably, in its Complaint Plaintiff Floral Logistics is silent as to essential facts of the defective goods and arrangements for transport, whether by air or ground. These facts are obviously significant. With facts at hand, legal issues as to nondelegable duty, bailment, and *res ipsa loquitor* can be evaluated. Such issues cannot be evaluated at present because New York Flower Garden lacked privity with the couriers and would not be in possession of the relevant evidence.

## **CONCLUSION**

For the foregoing reasons, Defendant/Counterclaimant NEW YORK FLOWER GARDEN WHOLESALE, INC. respectfully requests that Plaintiff's motion to dismiss the Counterclaims be denied.

Dated: <u>April 11, 2023</u>                             Respectfully submitted,

                                         LAW OFFICES OF DANIEL D. KIM
                                         PHV Attorney for Defendants
                                         */s/ Daniel Kim*
                                         By: Daniel D. Kim, Esq.
                                         danieldkimlaw@gmail.com
                                         (201) 741-1114 c.p.
                                         (646) 349-1732 fax

JOSE A. BLANCO, P.A.
102 E 49th ST,
Hialeah, FL 33013
305-349-3463
jose@blancopa.com

By:     */s/ Jose A. Blanco*
JOSE A. BLANCO, ESQ.
Florida Bar No. 062449

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on April 11, 2023. I also certify that the foregoing document is being served this day on counsel of record, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner to the following: Ryan M. Clancy, Esq. (ryan@business-esq.com) AINSWORTH + CLANCY, PLLC, *Attorneys for Plaintiff*, 801 Brickell Ave., 8th Fl., Miami, FL 33131. This certificate is taken as prima facie proof of such service in compliance with FRJA 2.516.

By:     */s/ Jose A. Blanco*
JOSE A. BLANCO, ESQ.