**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-20073-CIV-ALTONAGA/Damian**

FLORAL LOGISTICS OF MIAMI, INC.,

*Plaintiff/Counter-Defendant*,

v.

NEW YORK GARDEN FLOWER WHOLESALE, INC., and DHAN PAIH, an individual,

*Defendants/Counter-Plaintiffs*.
_______________________________________/

**PLAINTIFF'S, FLORAL LOGISTICS OF MIAMI, INC., MOTION TO DISMISS DEFENDANT'S, NEW YORK GARDEN FLOWER WHOLESALE, INC., SECOND AMENDED COUNTERCLAIM [ECF NO. 34]**

Plaintiff/Counter-Defendant, FLORAL LOGISTICS OF MIAMI, INC. ("Floral Logistics" or "Counter-Defendant"), by and through the undersigned counsel, hereby files its Motion to Dismiss ("Motion to Dismiss") Defendant/Counter-Plaintiff's, NEW YORK GARDEN FLOWER WHOLESALE, INC. ("NY Garden" or "Counter-Plaintiff") Second Amended Counterclaim [ECF No. 34] filed on April 20, 2023. In support thereof, Floral Logistics states as follows:

## INTRODUCTION AND SUMMARY

This cause came before the Court at an April 13, 2023 hearing [ECF No. 32], addressing Counter-Defendant's Motion to Dismiss Counter-Plaintiff's Amended Complaint [ECF No. 25]. The Court granted Counter-Defendant's Motion and allowed Counter-Plaintiff ten (10) days to file its amended counterclaims to amend deficiencies, such as shotgun pleading and potential independent tort doctrine issues. [ECF No. 33]. On April 20, 2023, Counter-Plaintiff filed its Second Amended Counterclaim replete with the same deficiencies and more. [ECF No. 34].

As this is the Counter-Plaintiff's third bite at the apple, Counter-Defendant seek dismissal of the Second Cause of Action for Negligent Misrepresentation and Third Cause of Action for Unjust Enrichment with prejudice, awarding Counter-Defendant its attorney's fees and costs, and granting any and all additional relief this Court deems just and proper. For the reasons discussed herein, Counter-Defendant is entitled to such relief.

**LEGAL STANDARD**

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by an opposing party need not contain detailed factual allegations, a plaintiff must provide the "grounds" for his entitlements to relief, amounting to more than a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And, in deciding a motion to dismiss pursuant to Rule 12(b)(6), the court's analysis is generally limited to the four corners of a complaint and the attached exhibits. *Grossman v. Nationsbank*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, a court may consider records outside the four corners of the complaint if they are central to plaintiff's claims and of undisputed authenticity. *See Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005).

The Court must also accept a plaintiff's well-pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Caravello v. Am. Airlines, Inc.*, 315 F.Supp.2d 1346, 1348 (S.D. Fla. 2004) (internal citations omitted). Ultimately, the court must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqubal*, 556 U.S. 662 (2009). A complaint can only survive a Rule 12(b)(6) motion to dismiss if it contains factual

allegations that are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. Finally, "a district court need not allow a plaintiff to amend a complaint if the amendment would not serve to cure the defective pleading." *Sigler v. Bradshaw*, No. 13-90783-CIV, 2015 WL 1044175, at *4 (S.D. Fla. Mar. 10, 2015) (quoting *Wittbold v. Miami–Dade County*, 2013 WL 3280039, at *6 (S.D. Fla. 2013)).

**LEGAL ARGUMENT**

**I. COUNTER-PLAINTIFF'S "SECOND CAUSE OF ACTION" FOR NEGLIGENT MISREPRESENTATION MUST BE DISMISSED.**

**A. Counter-Plaintiff Fails to State a Claim for Negligent Misrepresentation.**

In the Second Amended Counterclaim, Counter-Plaintiff attempts to amend its previous negligence claim into a negligent misrepresentation claim but utterly fails to do so. In fact, the "Negligent Misrepresentation" claim is merely Counter-Plaintiff's former negligence claim with the introduction of the phrase "negligent in misrepresenting their duties" alleged in a few instances. Regardless, Counter-Plaintiff still fails to state a claim for Negligent Misrepresentation.

Negligent misrepresentation requires a pleader to allege the following:

> (1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to rely on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation.

*Beale v. Biomet, Inc.*, No. NO. 05-22941-GOLD/TURNOFF, 2006 WL 8433264, *6 (S.D. Fla. Aug. 21, 2006). According to Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Rule 9(b)'s heightened pleading standard applies to negligent misrepresentation claims asserted under Florida

law because such claims sound in fraud." *Hoisington v. Penske Automotive Group, Inc.*, No. 21-60481-CIV-ALTONAGA/Strauss, 2021 WL 10718388, *5 (S.D. Fla. April 1, 2021) (quoting *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1127 (11th Cir. 2019)).

Here, Counter-Plaintiff has not alleged the four elements of negligent misrepresentation, let alone with sufficient particularity. More specifically, Counter-Plaintiff has not alleged misrepresentations made by Counter-Defendant, of which Counter-Defendant should have known to be false. For instance, in Paragraph 39 of the Second Amended Counterclaim, Counter-Plaintiff alleges "Floral Logistics, its servants, agents, employees, independent contractors, air couriers, and ground courier ANTHONY S. TRUCKIN were negligent in misrepresentation *by delivering* defective flowers as if they were not." (Compl. ¶ 39) (emphasis added). However, what was the specific misrepresentation made? By whom? Under what circumstances? Also, in Paragraph 42 of the Second Amended Complaint, Counter-Plaintiff alleges "[p]er ¶ 5 of the Application For Credit, Floral Logistics represented that it would "reasonably dispatch" all shipments." (Compl. ¶ 42). In the event that Counter-Plaintiff intends this allegation to constitute a "misrepresentation" made by Counter-Defendant, it is inadequate because it is a promise to perform a *future* action, not a false statement of fact. *Teratech USA, Inc. v. Digital Beauty Group, LLC*, No. 21-80698-CIV-CANNON/Reinhart, 2021 WL 9566158, * 4 (S.D. Fla. Nov. 22, 2021) ("Plaintiffs have not alleged a false statement of fact but a promise to perform a future action . . . This is inadequate to maintain a claim for either fraud or negligent misrepresentation."). Further, Counter-Plaintiff does not allege that Counter-Defendant intended to induce Counter-Plaintiff or that it acted in justifiable reliance on any alleged misrepresentation.

Instead, Counter-Plaintiff's allegations mirror that of a negligence claim with language such as "failed to perform duties" (Compl. ¶ 36), "breached its duties" (Compl. ¶ 44), "acts of

negligence" (Compl. ¶ 45), "*res ipsa locqutur*" (Compl. ¶ 45), "negligence of Floral Logistics" (Compl. ¶ 48), and "aforesaid negligence" (Compl. ¶ 49). Therefore, as evidenced by Counter-Plaintiff's own allegations, this is not a claim sound in fraud or negligent misrepresentation. Therefore, the Second Cause of Action for Negligent Misrepresentation must be denied.

**B. The Independent Tort Doctrine Bars Counter-Plaintiff's Negligent Misrepresentation Claim.**

Even if the Court finds that Counter-Plaintiff sufficiently alleged a claim for Negligent Misrepresentation, it nevertheless must be dismissed because of the independent tort doctrine. Yet again, Counter-Plaintiff grounds its negligence-based claim for Negligent Misrepresentation in the same allegations and duties which underlie its Breach of Contract claim. Since a cause of action for negligence, like any other tort, must be premised on breach of a duty independent of contractual obligations, Counter-Plaintiff has failed to state a cause of action for negligence, and it must be dismissed pursuant to the independent tort doctrine.

The independent tort doctrine "bars a contracting party from recovery in tort where the act complained of relates to the performance of the contract." *Underwriters at Interest v. All Logistics Group, Inc.*, No. 19-cv-21889-KMM, 2019 WL 13167716, at *3 (S.D. Fla. Sept. 17, 2019) (citation omitted). More specifically, in Florida, "[f]undamental contractual principles continue to bar a tort claim where the offending party has committed no breach of duty independent of a breach of its contractual obligations." *Alhassid v. Bank of Am., N.A.*, 60 F.Supp.3d 1302, 1318 (S.D. Fla. 2014) (quoting *Freeman v. Sharpe Res. Corp.*, 2013 WL 2151723, at *8 (M.D. Fla. May 16, 2013)). Put simply, a "[p]laintiff may not repackage [ ] breach of contract claims as independent actions in tort." *Stepakoff v. IberiaBank Corp.,* No. 22-CV-20286, 2022 WL 16555034, at *3 (S.D. Fla. Oct. 31, 2022) (quoting *Dorvil v. Nationstart Mortgage LLC*, 17-cv-23193-MARTINEZ, 2019 WL 1992932, at *17 (S.D. Fla. Mar. 26, 2019). Therefore, "[t]o bring a tort claim concurrently

with a contract claim, plaintiffs must plead a tortious action committed separate and apart from the breach of contract." *Id.* (quoting *Perez v. Scottsdale Ins. Co.*, 19-cv-22346-GAYLES, 2020 WL 607145, at * 2 (S.D. Fla. Feb. 7, 2020) (internal citation omitted)); *see also Elec. Sec. Sys. Corp. v. S. Bell Tel. And Tel. Co.*, 482 So. 2d 518, 519 (Fla. 3d DCA 1986) ("Since a breach of contract, alone, cannot constitute a cause of action in tort, the trial court properly dismissed the negligence count. It is only when the breach of contract is attended by some additional conduct which amounts to an independent tort that such breach can constitute negligence.") (internal citation omitted).

Here, Counter-Plaintiff's Negligent Misrepresentation claim is nearly identical to its Breach of Contract claim. The Breach of Contract claim alleges that Counter-Defendant had a duty to deliver the goods on time and to keep safe the quality of the flowers during such delivery. (Compl. ¶ 10-13). Further, that Counter-Defendant breached such duties when it delivered the goods late and in a defective condition. (Compl. ¶ 11-13). Similarly, the Negligent Misrepresentation claim alleges that Counter-Defendant had a duty to reasonable take good care of the goods during the delivery and to deliver the goods by the end of April 2022. (Compl. ¶ 20, 34). Moreover, that Counter-Defendant failed to perform such duties when it failed to safeguard the goods during delivery and to notify Counter-Plaintiff of the late delivery. (Compl. ¶ 44). Evidently, both claims allege that Counter-Defendant had a duty to deliver goods to Counter-Plaintiff on time and to keep the flowers safe until such delivery. Those duties and alleged misrepresentations regarding such duties arise from the contractual agreement between the Parties. (Compl. ¶ 22-32). There is no separate or independent tort or duty alleged at any point in the Second Amended Counterclaim, and it is clear the Parties' respective duties, if any, are entirely grounded in contract with no additional conduct alleged outside of it and the obligations thereunder. Further, the damages stemming from both claims are identical. (Compl. ¶ 17, 49). *See*

*Springboard Media, LLC v. Augusta Hitech Soft Solutions, LLC*, No. 22-20191-CIV-GRAHAM, 2022 WL 18465128, at *2 (S.D. Fla. June 14, 2022) ("To state a claim for a tort that is independent of a claim for breach of contract, "the damages stemming from that [tort] must be independent, separate and distinct from the damages sustained from the contract's breach.") (citations omitted).

In addition, Counter-Plaintiff's attempt to plead Negligent Misrepresentation in the alternative to Breach of Contract should not save the claim from dismissal. In *BluestarExpo, Inc. v. Enis,* this Court explained that "[i]t would be contrary to the basic premise of the independent tort doctrine to allow such pleadings in the alternative." 568 F. Supp.3d 1332, 1352 (S.D. Fla. Oct. 25, 2021); *Springboard Media,* 2022 WL 18465128, at *3 (S.D. Fla., 2022) (explaining that the Court is not persuaded by Plaintiff's argument that it pleaded its tort claims alternatively to its breach-of-contract claims); *Altamonte Pediatric Associates, P.A. v. Greenway Health, LLC*, 8:20-CV-604-T-33JSS, 2020 WL 5350303, at *5 (M.D. Fla. Sept. 4, 2020); *Underwriters at Interest,* 2019 WL 13167716, at *3 (S.D. Fla., 2019); *Caravels LLC v. City of Gainesville, Florida*, No.: 1:20cv45-MW/GRJ, 2020 WL 10731651, at *2 (N.D. Fla. June 29, 2020) (explaining that the independent tort doctrine is an "additional restriction[]" placed on Rule 8).

Accordingly, as Counter-Plaintiff's allegations for Negligent Misrepresentation clearly show that it runs afoul of the independent tort doctrine, and as its pleading offers nothing to suggest that the doctrine can be satisfied under these circumstances, dismissal of Counter-Plaintiff's negligence claim with prejudice is warranted.

## II. COUNTER-PLAINTIFF'S "THIRD CAUSE OF ACTION" FOR UNJUST ENRICHMENT MUST BE DISMISSED.

The most shocking of all of the deficiencies in the Second Amended Counterclaim is the Counter-Plaintiff's violation of Rules 8(a)(2) and 10(b). The Counter-Plaintiff continues to plead in a shotgun style in complete defiance of the Court's previous ruling.

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.*

Here, in Paragraph 51 of the Second Amended Counterclaim, Counter-Plaintiff alleges "[t]his Cause of Action incorporates by reference all the facts pleaded in the Causes of Action above." This is a quintessential example of shotgun pleading. It is impossible for Counter-Defendant to determine exactly what Counter-Plaintiff is suing under. Thus, Counter-Plaintiff's Second Amended Complaint fails to state a claim upon which relief is granted, and an Order should be entered dismissing its Unjust Enrichment claim.

**III. COUNTER-PLAINTIFF'S CLAIM FOR LOST PROFITS MUST BE STRUCK.**

In the First Cause of Action for Breach of Agreement and the Second Cause of Action for Negligent Misrepresentation, Counter-Plaintiff claims damages in the form of lost profits "it would have received from its retail customers. (Compl. ¶ 15, 49). However, Counter-Plaintiff has failed to specifically state its entitlement to such special damages in accordance with Rule 9(g). Therefore, such claims for lost profits must be struck.

## CONCLUSION

Therefore, as Counter-Plaintiff's Second Cause of Action for Negligent Misrepresentation and Third Cause of Action for Unjust Enrichment must be dismissed for failure to state a claim and for failure to comply with the independent tort doctrine. As for the Negligent Misrepresentation claim, any amendment to correct the claims would be futile as no independent tort has been alleged, nor could it, aside from a breach of contract claim. And as for the Unjust Enrichment claim, Counter-Plaintiff has demonstrated a defiance for this Court's order and should not be entitled to further amendments. Thus, dismissal with prejudice is appropriate.

**WHEREFORE**, for the reasons stated above, Counter-Defendant, Floral Logistics of Miami, Inc., respectfully requests this Honorable Court enter an order dismissing the Second Cause of Action for Negligent Misrepresentation and Third Cause of Action for Unjust Enrichment with prejudice, awarding Counter-Defendant its attorney's fees and costs, and granting any and all additional relief this Court deems just and proper.

## NO CERTIFICATION REQUIRED UNDER LOCAL RULE 7.1(a)(1)(3)

As Counter-Defendant is seeking dismissal for Counter-Plaintiff's failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6), no conference as to the requested relief is required pursuant to the Local Rules of this Court.

Respectfully submitted on this 4th day of May 2023.

**AINSWORTH + CLANCY, PLLC**
*Attorneys for Plaintiff*
801 Brickell Avenue, 8th Floor
Miami, Florida 33131
Telephone: (305) 600-3816
Facsimile: (305) 600-3817

By: *s/ Ryan Clancy*
Ryan Clancy, Esq.

Florida Bar No. 117650
Email: ryan@business-esq.com
Email: info@business-esq.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 4, 2023 a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF.

By: *s/ Ryan Clancy*
Ryan Clancy, Esq.