UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-20073-CIV-ALTONAGA/Damian

FLORAL LOGISTICS OF MIAMI, INC.,

    *Plaintiff/Counter-Defendant*,

v.

NEW YORK GARDEN FLOWER
WHOLESALE, INC., and DHAN
PAIH, an individual,

    *Defendants/Counter-Plaintiffs*.

_____/

**PLAINTIFF'S, FLORAL LOGISTICS OF MIAMI, INC., REPLY
IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT'S, NEW YORK
GARDEN FLOWER WHOLESALE, INC., SECOND AMENDED COUNTERCLAIM**

    Plaintiff/Counter-Defendant, FLORAL LOGISTICS OF MIAMI, INC. ("Floral Logistics" or "Counter-Defendant"), by and through the undersigned counsel, hereby files its Reply in Support of its Motion to Dismiss ("Motion to Dismiss"), [ECF No. 35], Defendant/Counter-Plaintiff's, NEW YORK GARDEN FLOWER WHOLESALE, INC. ("NY Garden" or "Counter-Plaintiff") Second Amended Counterclaim [ECF No. 34].[1] In support thereof, Floral Logistics states as follows:[2]

**"INTRODUCTION"**

    It is clear from the Response in Opposition's "Introduction" that Counter-Plaintiff either misreads, misunderstands, or misconstrues the arguments made in the Motion to Dismiss or simply

---

[1] The Second Amended Counterclaim is brought by NY Garden solely, excluding individual Defendant, DHAN PAIH, as a Counter-Plaintiff. [ECF No. 34]. However, the Defendants' Memorandum in Opposition to Plaintiff's Second Motion to Dismiss ("Response in Opposition") is filed on behalf of both NY Garden and the individual Defendant. [ECF No. 37]. Floral Logistics assumes that this was an error.
[2] Floral Logistics addresses each respective section of the Response in Opposition in turn.

1

misses the boat, again. This is a consistent pattern throughout the Response in Opposition and in essentially every other paper filed or argument made by Counter-Plaintiff.

For instance, Counter-Plaintiff writes "[Counter-Defendant] argues that NY Garden's *Second Cause of Action* is '*shotgun pleading*[.]'" [ECF No. 37 at 1] (emphasis added). However, Counter-Defendant makes no such argument. Instead, Counter-Defendant argues that the Second Cause of Action for Negligent Misrepresentation must be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6), to plead sufficient particularity under Fed. R. Civ. P. 9(b), and to set forth a claim that survives the Independent Tort Doctrine. [ECF No. 35 at 3-7].

Next, Counter-Plaintiff goes on to allege that Counter-Defendant also "claims that this is a '*third bite at the apple*' for the *Third Cause of Action – Unjust Enrichment*." [ECF No. 37 at 1] (emphasis added). Yet again, Counter-Defendant makes no such claim. Counter-Defendant argues that the Third Cause of Action for Unjust Enrichment must be dismissed because it is quintessential shotgun pleading. [ECF No. 35 7-8]. It would be nonsensical to argue that this is Counter-Plaintiff's third attempt to plead a claim for Unjust Enrichment because the Second Amended Counterclaim is the *first* time Counter-Plaintiff asserts a claim for Unjust Enrichment.

To be clear, however, Counter-Defendant does in fact argue that the Second Amended Counterclaim *as a whole* is Counter-Plaintiff's third bite of the apple, which it is. Counter-Plaintiff has had three opportunities to set forth well-pled claims and continually fails to do so. In fact, this Court already admonished Counter-Plaintiff for its shotgun pleading in the Amended Counterclaim, but Counter-Plaintiff continues to shotgun plead. Evidently, Counter-Plaintiff does grasp that this Court dismissed its Amended Counterclaim but granted leave to correct the deficiencies therein because Counter-Plaintiff absurdly argues that this is Counter-Defendant's "*third* attempt to dismiss this Second [Amended] Counterclaim." [ECF No. 37 at 2]. However,

Counter-Defendant successfully dismissed Counter-Plaintiff's Amended Counterclaim, and for several of the same reasons, requests that the Court dismiss Counter-Plaintiff's Second Amended Counterclaim with prejudice.

Lastly, Counter-Plaintiff states that "Plaintiff cannot be heard to argue this, [3] because its own pleading contains an equitable claim in addition to its breach of contract claim." [ECF No. 37 at 1]. However, Counter-Plaintiff confuses Counter-Defendant's argument, yet again. Counter-Defendant *does not* argue that the Breach of Contract claim cannot be brought in the alternative to the Unjust Enrichment claim. Instead, Counter-Defendant argues that because Counter-Plaintiff utilizes a shotgun pleading approach to its Unjust Enrichment claim, the claim thereby fails as Counter-Plaintiff incorporates an alleges that a contact exists. [ECF No. 35 7-8].

## "PROCEDURAL HISTORY"

Counter-Plaintiff states in the "Procedural History" section of the Response in Opposition that "[o]n April 13, 2023, this Honorable provided Counterclaimant a chance to amend the Counterclaim by April 20, 2023, to state the parties' relationship and how Plaintiff breached the duty, causation, and damages in this case where there is no contract between parties." [ECF No. 37 at 2-3]. However, Counter-Plaintiff makes the mistake of blatantly misrepresenting the Court's ruling. The Court ordered Counter-Plaintiff to correct deficiencies and issues related to the Independent Tort Doctrine and shotgun pleading.

## "RELEVANT MATERIAL FACTS AS TO SECOND [AMENDED] COUNTERCLAIM"

As demonstrated in the "Response in Opposition's Relevant Material Facts as to the Second [Amended] Counterclaim" section, Counter-Plaintiff asks the Court to improperly consider

---

[3] "This" is seemingly referring to the previous argument which states: "Plaintiff/Counterclaim Defendant FLORAL LOGISTICS OF MIAMI, INC. ("Floral Logistics") argues that NY Garden's Second Cause of Action is "shotgun pleading" and claims that this is a "third bite at the apple" for the Third Cause of Action – Unjust Enrichment."

3

supplemental facts alleged therein. [ECF No. 37 at 3-4]. However, in deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court's analysis is limited to the four corners of a complaint and the attached exhibits. *Grossman v. Nationsbank*, 225 F.3d 1228, 1231 (11th Cir. 2000).

## "LEGAL ARGUMENT"

### "POINT I"
### "THE SECOND COUNTERCLAIM PASSES MUSTER UNDER RULE 8"

Although Counter-Plaintiff's "Legal Argument" is replete with errors, making it difficult to respond,[4] Counter-Plaintiff nevertheless fails to demonstrate how the Second Counterclaim "passes muster" under Rule 8. Counter-Plaintiff then makes the bold and baseless accusation that "[Counter-Defendant] does not say why this pleading is defective." [ECF No. 37 at 6]. While, in reality, Counter-Defendant details the defects in nine pages of its Motion to Dismiss. Counter-Defendant incorporates its arguments set forth in its Motion to Dismiss herein.

Specifically, Counter-Plaintiff fails to provide this Court with a viable reason for why its tort claim—Negligent Misrepresentation—is not pled in accordance with Rule 12(b)(6) or Rule 9(b) and how it survives the Independent Tort Doctrine in light of case law that clearly establishes that a tort claim cannot escape the Independent Tort Doctrine by pleading in the alternative. *See BluestarExpo, Inc. v. Enis*, 568 F. Supp.3d 1332, 1352 (S.D. Fla. Oct. 25, 2021) ("[i]t would be contrary to the basic premise of the independent tort doctrine to allow such pleadings in the alternative."); *Springboard Media, LLC v. Augusta Hitech Soft Solutions, LLC,* 22-20191-CIV-GRAHAM, 2022 WL 18465128, at *3 (S.D. Fla. June 14, 2022) (explaining that the Court is not persuaded by Plaintiff's argument that it pleaded its tort claims alternatively to its breach-of-

---

[4] For example, the following line is illegible, "[Counter-Defendant] is arguing as if NY Garden made only negligence in misrepresentation which is another separate negligence claim within the Second Cause of Action. Plaintiff's Motion at page 3." [ECF No. 37 at 6]. Counter-Defendant cannot make sense of Counter-Plaintiff's argument because Counter-Plaintiff asserts only one negligence claim—the Second Cause of Action for Negligent Misrepresentation.

4

contract claims); *Genterra Group, LLC v. Sanitas USA, Inc.*, 20-22402-Civ-Scola, 2021 WL 148887, at *8 (S.D. Fla. Jan. 15, 2021) ("... it would defeat the basic premise of the independent tort doctrine if the Court were to allow [plaintiff] to proceed with such a tort claim as a duplicative tort alternative to its surviving breach of contract claim."); *Prime Property and Casulty Insurance Company v. Kepali Group, Inc.*, 21-81787-CIV-DIMITROULEA, 2022 WL 18781037, at *8 ("Defendants argue the [negligent misrepresentation] claim is proper as it is pled in the alternative. Though it is true that the Federal Rules permit pleading in the alternative, '[i]t would be contrary to the basic premise of the independent tort doctrine' to permit such alternative pleadings here.") (internal citation omitted); *Caravels LLC v. City of Gainesville, Florida*, No.: 1:20cv45-MW/GRJ, 2020 WL 10731651, at *2 (N.D. Fla. June 29, 2020) (explaining that the independent tort doctrine is an "additional restriction[]" placed on Rule 8); *Altamonte Pediatric Associates, P.A. v. Greenway Health, LLC*, 8:20-CV-604-T-33JSS, 2020 WL 5350303, at *5 (M.D. Fla. Sept. 4, 2020); *Underwriters at Interest v. All Logistics Group, Inc.*, 19-cv-21889-KMM, 2019 WL 13167716, at *3 (S.D. Fla. Sept. 17, 2019).

Counter-Plaintiff even admits several times that it is without critical information to plead its Negligent Misrepresentation claim, as follows:

> As to what can be said about the details, NY Garden is not in a position of knowledge and there has not been any discovery. NY Garden is entitled to gather facts to develop its case, and it is up to the jury to determine if it has merit.

[ECF No. 37 at 6].

> ... NY Garden does not yet know the identities of the agents or contractors who mishandled the flowers. Furthermore, Counterclaimant needs to know who, how, when, and why there was a delay from Florida to New York.

[*Id.* at 7].

> Discovery will reveal these facts, and any reason for the delay, and why the flowers got to be "burned or warmed out" to the point that they could not be resold.

[*Id.* at 8].

In doing so, Counter-Plaintiff relies on the discovery process to reveal facts necessary to sufficiently plead the elements of its Negligent Misrepresentation claim. However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . ." *Wendel v. International Real Estate.News, LLC*, 19-21658-Civ-WILLIAMS/TORRES, 2020 WL 9597825, at *1 (S.D. Fla. March 3, 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted) (alteration in original). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . ." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Counter-Plaintiff's Negligent Misrepresentation claim fails to contain sufficient factual matter, as admitted by Counter-Plaintiff. Therefore, Counter-Defendant's Motion to Dismiss the Second Cause of Action must be granted.

**"THE THIRD COUNTERCLAIM FOR UNJUST ENRICHMENT IS PERMISSIBLE"**

Counter-Plaintiff argues that it is entitled to assert its Breach of Contract and Unjust Enrichment claims in the alternative, which is correct only in the event that such claims are properly pled. However, Counter-Plaintiff ignores the fact that due to its shotgun pleading, it incorporates allegations within its Unjust Enrichment claim, which admit the existence of a contract between the Parties. Under the Unjust Enrichment claim, Counter-Plaintiff states:

> 51. This Cause of Action incorporates by reference all the facts pleaded in the Causes of Action above.

[ECF No. 34 at 18, ¶ 51]. Counter-Plaintiff demonstrates its inability to understand the pleading standards and the Court's prohibition against shotgun pleading.

## CONCLUSION

Therefore, Counter-Plaintiff's Second Cause of Action for Negligent Misrepresentation and Third Cause of Action for Unjust Enrichment must be dismissed. As for the Negligent Misrepresentation claim, any amendment to correct the claims would be futile as no independent tort has been alleged, nor could it, aside from a breach of contract claim. And as for the Unjust Enrichment claim, Counter-Plaintiff has demonstrated a defiance for this Court's order and should not be entitled to further amendments. Thus, dismissal with prejudice is appropriate.

**WHEREFORE**, for the reasons stated above, Counter-Defendant, Floral Logistics of Miami, Inc., respectfully requests this Honorable Court enter an order dismissing the Second Cause of Action for Negligent Misrepresentation and Third Cause of Action for Unjust Enrichment with prejudice, awarding Counter-Defendant its attorney's fees and costs, and granting any and all additional relief this Court deems just and proper.

## NO CERTIFICATION REQUIRED UNDER LOCAL RULE 7.1(a)(1)(3)

As Counter-Defendant is seeking dismissal for Counter-Plaintiff's failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6), no conference as to the requested relief is required pursuant to the Local Rules of this Court.

Respectfully submitted on this 25th day of May 2023.

**AINSWORTH + CLANCY, PLLC**
*Attorneys for Plaintiff*
801 Brickell Avenue, 8th Floor
Miami, Florida 33131
Telephone: (305) 600-3816
Facsimile: (305) 600-3817

By: *s/ Ryan Clancy*
Ryan Clancy, Esq.
Florida Bar No. 117650
Email: ryan@business-esq.com
Email: info@business-esq.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 25, 2023 a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF.

By: *s/ Ryan Clancy*
Ryan Clancy, Esq.
