UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20073-CIV-ALTONAGA/Damian

**FLORAL LOGISTICS OF
MIAMI, INC.**,

    Plaintiff,
v.

**NEW YORK GARDEN FLOWER
WHOLESALE, INC.**; *et al.*,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** came before the Court on Plaintiff/Counter-Defendant Floral Logistics of Miami, Inc.'s ("Floral Logistics[']") Motion to Dismiss Defendant/Counter-Plaintiff New York Garden Flower Wholesale Inc.'s ("NY Garden[']s") Second Amended Counterclaim [ECF No. 35], filed on May 4, 2023. Defendants, NY Garden and Dhan Paih filed a Response [ECF No. 37], to which Floral Logistics filed a Reply [ECF No. 39]. The Court has carefully considered Defendants' Second Amended Counterclaim (*see* Second Am. Answer [ECF No. 34] 9–19), the parties' written submissions, and applicable law. For the following reasons, Floral Logistics' Motion is granted in part.

### **I.  BACKGROUND**

This action arises from a delivery of wilted flowers. (*See generally* Compl. [ECF No. 1-2]). Defendant, NY Garden, is a floral distributor that provides flowers to "approximately twenty retail flower shops and businesses in the boroughs of New York: Brooklyn, Bronx, Queens, and

Long Island." (Second Am. Answer 10).[1] Around April 2022, NY Garden "contacted farms in Colombia . . . to obtain the best quality flowers for Mother's Day on May 8, 2022." (*Id.* (alteration added)). Floral Logistics promised NY Garden that it would deliver the flowers "via air transportation from Colombia to Florida and then by ground courier from Florida to NY Garden's business location." (*Id.* 10–11, 14). The parties agreed that Floral Logistics would deliver the flowers by the last week of April so that NY Gardens would have enough time to distribute the flowers to the local flower shops before Mother's Day. (*See id.* 11–12).

NY Garden alleges that Floral Logistics failed to hold up its end of the bargain. (*See id.* 9–19). Not only did Floral Logistics deliver the flowers late, but the flowers arrived "in bad condition, burned, 'warmed' out, and defective such that they could not be sold to retailers." (*Id.* 11, 14). According to NY Garden, it paid $80,909.31 to Floral Logistics for its defective services and lost an additional $51,081 in profit. (*See id.* 11, 17–18). As a result, NY Garden alleges a breach-of-agreement claim. (*See id.* 10–12). "In the event [the] Court finds no contract exists between the parties," NY Garden pleads negligence and unjust enrichment claims in the alternative. (*Id.* 12–19 (alteration added)).

Floral Logistics moves to dismiss NY Garden's negligence and unjust enrichment claims for failure to state claims upon which relief can be granted. (*See generally* Mot.).

## II. LEGAL STANDARDS

***Rule 12(b)(6).*** "A motion to dismiss a counterclaim under [Federal] Rule [of Civil Procedure] 12(b)(6) is treated the same as a motion to dismiss a complaint." *Fabricant v. Sears Roebuck*, 202 F.R.D. 306, 308 (S.D. Fla. 2001) (alterations added; citation omitted). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter,

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (alteration added; quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (alteration added; citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (alteration added; citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a party must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (alteration added; citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). When considering a motion to dismiss a counterclaim, a court must construe the counterclaim in the light most favorable to the counter-claimant and take its factual allegations as true. *See Fabricant*, 202 F.R.D. at 308; *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

**Rule 9(b).** "Claims that sound in fraud must comply not only with the plausibility standard articulated in *Twombly* and *Iqbal*, but also the heightened pleading requirements of Rule 9(b)." *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 875 (11th Cir. 2023) (citation omitted). As the Eleventh Circuit recently explained,

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Id.* 875–76 (quoting *Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir. 2007)).

**Rule 9(g).** Under Federal Rule of Civil Procedure 9(g), "[i]f an item of special damage is claimed, it must be specifically stated." *Id.* (alteration added). This requirement is meant to "inform defending parties as to the nature of the damages claimed in order to avoid surprise; and to inform the court of the substance of the complaint." *Great Am. Indem. Co. v. Brown*, 307 F.2d 306, 308 (5th Cir. 1962) (citation omitted).

### III. DISCUSSION

Floral Logistics seeks dismissal of NY Garden's second and third counterclaims under Federal Rule of Civil Procedure 12(b)(6). (*See generally* Mot.). Floral Logistics argues NY Garden fails to plead its negligence claim with particularity and, in any case, the claim is barred by the independent tort doctrine. (*See id.* 3–7). Floral Logistics further argues that NY Garden's unjust enrichment claim should be dismissed on shotgun pleading grounds. (*See id.* 7–8). Separately, Floral Logistics argues NY Garden's request for lost profits must be stricken from the first and second counterclaims. (*See id.* 8). The Court addresses each argument in turn.

#### A. Negligence

NY Garden's second counterclaim — captioned "(Alternative Pleading: Negligent Misrepresentation)" — alleges three different negligence claims: negligent misrepresentation, negligent hiring, and negligent delivery of the flowers. (Second Am. Answer 12–18; Resp. 6). Floral Logistics addresses only the negligent misrepresentation claim directly, arguing NY Garden has not properly alleged the elements of such a claim. (*See* Mot. 3–7; Reply 4–6).

4

**1. Shotgun Pleading**

As an initial matter, NY Garden's commingling of claims makes the second counterclaim a shotgun pleading. "If doing so would promote clarity," Rule 10(b) requires that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count or defense." Fed. R. Civ. P. 10(b) (alteration added); *see also Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). "The 'self-evident' purpose of th[is] rule[] is 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading.'" *Barmapov*, 986 F.3d at 1324 (alteration adopted; other alterations added; quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). Pleadings that violate Rule 10(b) "are often disparagingly referred to as 'shotgun pleadings'" and have been repeatedly condemned by the Eleventh Circuit. *Weiland*, 792 F.3d at 1320; *see also Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (collecting cases).

Because the elements of a negligent misrepresentation, negligent hiring, and negligent delivery claim are different, stating the three claims in different counts would undoubtedly "promote clarity." Fed. R. Civ. P. 10(b); *compare Simon v. Celebration Co.*, 883 So. 2d 826, 832 (Fla. 5th DCA 2004) (setting out the standard for a negligent misrepresentation claim) *with Mega Int'l Trade Grp., Inc. v. A-Link Freight, Inc.*, No. 14-24757-Civ, 2015 WL 3823680, at *2 (S.D. Fla. June 19, 2015) (setting out the standard for a negligent hiring claim) *and Lake Parker Mall, Inc. v. Carson*, 327 So. 2d 121, 123 (Fla. 2d DCA 1976) (setting out the standard for a general negligence claim).[2] The failure to separate each cause of action or claim for relief into a different count thus makes NY Garden's second counterclaim a shotgun pleading that is "flatly forbidden

---

[2] There is no dispute that NY Garden's negligence claims are governed by Florida law.

by the spirit, if not the letter," of the Federal Rules of Civil Procedure. *Weiland*, 792 F.3d at 1320 (alterations adopted; citation and footnote call number omitted).

Recognizing that this is NY Garden's third attempt to plead its counterclaims, the Court goes on to address the parties' arguments concerning negligent misrepresentation and negligent delivery.[3]

**2. Failure to State a Claim**

First, as reflected in the second counterclaim's title, NY Garden alleges negligent misrepresentation. (*See* Second Am. Answer 12). According to NY Garden, "Floral Logistics, its servants, agents, employees, independent contractors, air couriers, and its ground courier ANTHONY S. TRUCKIN were negligent in misrepresenting their duties[;]" including being "negligent in misrepresentation by delivering defective flowers as if they were not" and misrepresenting that Floral Logistics "specialized in timely transportation and handling of critical temperature-sensitive shipments[.]" (*Id.* 14–15 (alterations added)). Floral Logistics argues this not only fails to allege the elements of negligent misrepresentation, but it also fails to meet the particularity requirement of Rule 9(b). (*See* Mot. 3–5). In their Response, Defendants repeat the second counterclaim's allegations and ask the Court to deny the Motion. (*See* Resp. 4–8).

"[T]o allege a viable cause of action for negligent misrepresentation," a party must show:

> (1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the

---

[3] The parties do not address NY Garden's negligent hiring claim, but the Court nevertheless notes that it is inadequately pleaded. NY Garden states simply that Floral Logistics was "negligent in hiring incompetent employees, servants, [and] contractors including the air courier and ground courier ANTHONY S. TRUCKIN to ensure the quality of temperature sensitive flowers[.]" (Second Am. Answer 15–16 (alterations added)). This conclusory allegation is insufficient to state the elements of negligent hiring, which require NY Garden to allege facts showing: "(1) the contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury." *Mega Int'l Trade Grp., Inc.*, 2015 WL 3823680, at *2 (citations omitted).

6

> defendant intended to induce the plaintiff to rely and on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation.

*Simon*, 883 So. 2d at 832 (alteration added; citations omitted). Additionally, because negligent misrepresentation claims sound in fraud, a party must comply with Rule 9(b) and "state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b) (alteration added); *see also Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1127 (11th Cir. 2019) (explaining that Rule 9(b) applies to negligent representation claims asserted under Florida law); *Young*, 57 F.4th at 875. ("Rule 9(b) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a plaintiff to plead only a short, plain statement of the grounds upon which he is entitled to relief." *Brooks*, 116 F.3d at 1371 (alterations adopted; internal quotation marks and citations omitted)).

The negligent misrepresentation counterclaim is inadequately pleaded. NY Garden neither alleges the elements of negligent misrepresentation nor "set[s] forth particular allegations about the 'who, what, when, where, and how' of the fraud." *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1353 (S.D. Fla. 2016) (alteration added; quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006)). For example, NY Garden does not allege the context in which Floral Logistics misrepresented its expertise in handling temperature-sensitive shipments; that this representation was false; that Floral Logistics knew or should have known the representation was false; or that Floral Logistics intended NY Garden to rely on the misrepresentation. (*See generally* Second Am. Answer). The same is true for NY Garden's allegation that Floral Logistics delivered "defective flowers as if they were not." (*Id.* 15).

Furthermore, to the extent NY Garden seeks to rely on Floral Logistics' promise to "reasonably dispatch" all shipments as part of its negligent misrepresentation counterclaim, this is

7

unavailing. (*Id.*; Resp. 6–7). "An action for fraud generally may not be predicated on statements of opinion or promises of future action, but rather must be based on a statement concerning a past or existing fact." *Meija v. Jurich*, 781 So. 2d 1175, 1177 (Fla. 3d DCA 2001) (citations omitted). While courts sometimes recognize exceptions to this general rule — such as when the author of a statement has "superior knowledge of the subject of the statement" or when a person promising future action does so with no intention of performing — NY Garden has not alleged facts to support such an exception. *Id.*; (*see generally* Second Am. Answer). Accordingly, NY Garden's claim of negligent misrepresentation is due to be dismissed.

Next, NY Garden brings a claim of negligence for Floral Logistics' delivery of the flowers. (*See* Second Am. Answer 12–18; Resp. 4–8). Defendants assert Floral Logistics, which seeks dismissal of the second counterclaim in its entirety despite addressing only negligent misrepresentation (*see* Mot. 3–7), "is arguing as if NY Garden made only [a] negligence in misrepresentation [claim,] which is another separate negligence claim within the [s]econd [c]ause of [a]ction[,]" (Resp. 6 (alterations added)). NY Garden presumably seeks to preserve its claim regarding negligent delivery. (*See id.* ("NY Garden is entitled to gather facts to develop its case, and it is up to the jury to determine if it has merit.").

To sustain a negligence claim under Florida law, a plaintiff must plead facts that, if true, demonstrate: "(1) [e]xistence of a duty on the part of the defendant to protect the plaintiff from the injury or damage of which he complains; (2) [f]ailure of the defendant to perform that duty; and (3) [i]njury or damage to the plaintiff proximately caused by such failure." *Lake Parker Mall*, 327 So. 2d at 123 (alterations added; citations omitted).

NY Garden alleges that "Floral Logistics had promised, and had a duty, to reasonably take good care of the sensitive flowers from Colombia to Florida and then to NY Garden's wholesale

business premises in Flushing, New York[;]" Floral Logistics failed to perform its "bailment" duties, undertaking delivery in a way that caused temperature-related defects in the flowers; and NY Garden suffered monetary and reputational damages as a result. (Second Am. Answer 14–17 (alteration added)). Under Florida's undertaker's doctrine, one who undertakes to render services, whether gratuitously or for consideration, is liable for failure to exercise reasonable care in performing the undertaking. *See* Restatement (Second) of Torts § 323 (1965); *Wallace v. Dean*, 3 So. 3d 1035, 1047 (Fla. 2009) (noting that Florida recognizes the undertaker's doctrine and citing Restatement (Second) of Torts §§ 323–324A). Therefore, these allegations plausibly state a claim of negligent delivery.

Floral Logistics offers no argument to warrant dismissal of the negligent delivery claim specifically. (*See* Reply 4–6 (failing to address Defendants' argument that the second counterclaim contains a negligence claim separate from the negligent misrepresentation claim)); *Pelfresne v. Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point. [The Court] will not do his research for him." (alterations added; citations omitted)). But Floral Logistics does argue the second counterclaim is barred by the independent tort doctrine. (*See* Mot. 5–7).

The Court disagrees the independent tort doctrine bars NY Garden's negligence claim. "Under Florida's independent tort doctrine, it is well settled that a plaintiff may not recast causes of action that are otherwise breach-of-contract claims as tort claims." *Bluestar Expo, Inc. v. Enis*, 568 F. Supp 3d 1332, 1353 (S.D. Fla. 2021) (citation and quotation marks omitted). But where a party has pleaded a tort claim in the alternative to a breach-of-contract claim, the independent tort doctrine does not apply. *See Nevado v. Off. Depot, LLC*, No. 23-cv-80244, 2023 WL 3778269, at

\*1 (S.D. Fla. Apr. 21, 2023) (reasoning that because a jury would need to find there was no valid contract before reaching an alternatively pleaded tort claim, the independent tort doctrine was inapplicable); *Duncan v. Rushmore Loan Mgmt. Servs., LLC*, No. 6:20-cv-1524, 2021 WL 8774248, at \*12 (M.D. Fla. Sept. 30, 2021) ("The Court need not decide at this stage whether the independent tort doctrine applies here because the Federal Rules of Civil Procedure permit alternative pleading." (citation and quotation marks omitted)).  NY Garden pleads its negligence claims in the alternative.  (*See* Second Am. Answer 12).

In sum, NY Garden's second counterclaim is due to be dismissed on shotgun pleading grounds, and NY Garden fails to state a negligent misrepresentation claim.  But NY Garden has otherwise alleged sufficient facts to state a plausible claim of negligent delivery of the flowers.

**B.  Unjust Enrichment**

NY Garden also brings a counterclaim for unjust enrichment, which Floral Logistics seeks to dismiss on shotgun pleading grounds.  (*See* Second Am. Answer 18; Mot. 7–8).  The most common type of shotgun pleading is one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."  *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *Weiland*, 792 F.3d at 1321.  Floral Logistics asserts NY Garden's unjust enrichment claim does just that.  (*See* Mot. 7–8).

The Court agrees.  (*See* Second Am. Answer 18 ("This [c]ause of [a]ction incorporates by reference all the facts pleaded in the [c]auses of [a]ction above." (alterations added)).  Curiously, Defendants do not address Floral Logistics' shotgun pleading argument.  (*See* Resp. 8).  Accordingly, NY Garden's third counterclaim is dismissed.

### C. Lost Profits

Finally, the Court reviews Floral Logistics' contention that the Court should strike NY Garden's request to recover lost profits in its first and second counterclaims. Floral Logistics asserts lost profits constitute "special damages" that must be "specifically state[d]" under Federal Rule of Civil Procedure 9(g). (Mot. 8 (alteration added; citing Fed. R. Civ. P. 9(g))). Defendants do not address this argument. (*See generally* Resp.).

Regardless of whether lost profits are properly categorized as general or special damages, NY Gardens meets the pleading requirement for special damages in both its first and second counterclaims. "The purpose of Rule 9(g) is to 'inform defending parties as to the nature of the damages claimed in order to avoid surprise.'" *Landsman v. City of Vero Beach*, No. 13-14375-Civ, 2015 WL 10960951, at *2 (S.D. Fla. Oct. 21, 2015) (quoting *Great Am. Indem. Co.*, 307 F.2d at 308). Therefore, "Rule 9(g) requires no more than a specific statement that allows Defendants to prepare a responsive pleading and begin their defense." *Italiano v. Jones Chems., Inc.*, 908 F. Supp. 904, 907 (M.D. Fla. 1995) (citations omitted). NY Garden alleges that because of Floral Logistics' conduct, it lost "$51,081 in profits that it would have received from its retail customers." (Second Am. Answer 11; *see also id.* 17–18 ("As a direct and proximate result of Floral Logistics' aforesaid negligence, NY Garden has lost $51,081 in profits[.]" (alteration added)). This is sufficient to meet NY Garden's burden in alleging lost profits. *See, e.g.*, *Freda v. Ginn-LA Pine Island Ltd., LLLP*, No. 6:08-cv-691, 2009 WL 10670302, at *3 (M.D. Fla. Oct. 27, 2009) (declining to dismiss plaintiffs' claim of special damages where plaintiffs pleaded "lost profits and diminished value of the lot[.]" (alteration added)).

### IV. CONCLUSION

For the foregoing reasons, it is

CASE NO. 23-20073-CIV-ALTONAGA/Damian

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 35]** is **GRANTED in part**. Defendant New York Garden Flower Wholesale, Inc.'s second and third counterclaims are dismissed with one final opportunity to amend. Defendant has until **July 6, 2023** to submit amended counterclaims correcting the foregoing deficiencies.

**DONE AND ORDERED** in Miami, Florida, this 30th day of June, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record