**Case No. 23-20073-CIV-ALTONAGA/Damian**

FLORAL LOGISTICS OF MIAMI, INC.
a Florida Profit Corporation,

      *Plaintiff/Counter-Defendant*

v.

NEW YORK GARDEN FLOWER
WHOLESALE, INC., a New York
Profit Corporation, and DHAN
PAIH, an individual,

      *Defendants/Counter-Plaintiff.*
_____/

## PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW**, Plaintiff FLORAL LOGISTICS OF MIAMI, INC. ("Floral Logistics" or "Plaintiff"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7.1 and 56.1, hereby files this Motion for Summary Judgment and Incorporated Memorandum of Law against Defendants, NEW YORK GARDEN FLOWER WHOLESALE, INC. ("NY Garden") and DHAN PAIH ("Paih") (collectively referred to as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

This is a straightforward collection action based upon unpaid invoices for shipping serves rendered to Defendant, NY Garden, by Plaintiff. Plaintiff, a company that provides trucking and hauling services throughout the Unites States, provided its services to Defendants from November 2021 until August 2022. Defendants, without complaint, accepted Plaintiff's services and received in conformity all the goods delivered ancillary to Plaintiff's services. Yet, Defendants, to this date,

have failed to pay Plaintiff for all of the services provided. Plaintiff has detailed invoices showing the nature of the services and the amounts owed by Defendants, eliminating any dispute of material fact. Moreover, summary judgement in favor of Plaintiff is proper as a matter of law because the undisputed facts show that Plaintiff is entitled to judgement.

### STATEMENT OF MATERIAL FACTS

Pursuant to Southern District of Florida Local Rule 56.1, the instant Motion for Summary Judgment is accompanied by a separate and contemporaneously filed Statement of Material Facts (hereinafter referred to as "SMF").

### LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure states that summary judgment shall be granted in favor of the moving party "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgement is aimed at "the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The party moving for summary judgement "bears the *initial* burden of identifying those portions of the record that demonstrate the absence of a genuine issue [of material fact] – which it may discharge by pointing to an 'absence of evidence to support the nonmoving party's case'" *Deal v. Tugalo Gas Company Inc.*, 991 F.3d 1313, 1225 (11th Cir. 2021) (citing to *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986)). The judge's function is not to weigh the evidence or determine the truth of the matter but rather to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249 (1986).

An issue of fact is material if it is an essential element of the case. *Celotex*, 477 U.S. at 322. The test for determining the existence of a genuine dispute as to any material fact is whether

the evidence is such that a reasonable jury could return a verdict for the non-moving party, considering the evidentiary standard of proof that would apply at the trial on the merits. *Anderson*, 477 U.S. at 248, 252. Factual disputes that are irrelevant or unnecessary will not be considered; rather, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Id* at 248.

However, summary judgment is mandated against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. The nonmovant opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to prevail. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must "go beyond the pleadings" and designate "specific facts" in the record "showing that there was a genuine issue for trial." *Celotex*, 477 U.S. at 323.

**MEMORANDUM OF LAW**

I.      **THERE ARE NO GENUINE DISPUTES OF MATERIAL FACTS AND JUDGEMENT IS PROPER AS A MATTER OF LAW ON ALL OF PLAINTIFF'S CLAIMS.**

Summary judgement should be granted in favor of Plaintiff because there are no genuine disputes of material fact and judgement is proper as a matter of law. The uncontroverted material facts support each and every element of Plaintiff's claims. Moreover, Defendants' affirmative defenses are contradicted by the uncontroverted material facts and/or are completely devoid of any support in fact or law. As further explained below, summary judgment in favor of Plaintiff is therefore proper as a matter of law.

A.      **Summary Judgement on Plaintiff's Count II for Account Stated Against Defendant, NY Garden, is Proper as a Matter of Law.**

Plaintiff is entitled to summary judgement on its Account Stated claim because the undisputed facts show that Plaintiff periodically billed Defendant, NY Garden, for shipping services and that there was an express agreement for NY Garden to pay this balance.

Under Florida law, an account stated claim requires an "agreement between the parties that a certain balance is correct and due and an express or implicit promise to pay this balance." *Arch Specialty Insurance Co. v. Florida Window Co.*, No. 1:18-cv-24237-UU, 2018 WL 11359301, at *3 (S.D. Fla. 2018) (citing *Merkle v. Health Options, Inc.*, 940 So. 2d 1190, 1199 (Fla. 4th DCA 2006). "An account stated comes into being when a creditor periodically bills a debtor for a certain amount, which amount is not objected to within a reasonable time." *Arch*, 2018 WL 11359301 at *3 (citations omitted). "[A]greement of the parties to the amount affixed as due is paramount and the complaint should allege agreement." *Id.* (citations omitted).

Here, Plaintiff periodically billed NY Garden for the shipping services it provided for a period of nine months (November 2021 – August 2022).[1] There was an express agreement between the parties, as evidenced by the invoices and the Credit Application, that NY Garden (or Paih if NY Garden failed to satisfy its responsibility) would pay the agreed price for the shipping services upon delivery of the goods.[2] Moreover, NY Garden never once prior to Plaintiff sending a "Violation of Debt Notice" on August 23, 2022, objected to the amount that Plaintiff billed for the shipping services.[3] Therefore, the undisputed facts show that Plaintiff is entitled to judgement as a matter of law on its claim for account stated against NY Garden because, pursuant to the invoices and the Credit Application, NY Garden agreed to pay the amount invoiced by the Plaintiff, and Defendants did not object to this amount in over nine months.

---

[1] SMF at ¶ 4-5.
[2] SMF at ¶ 5, 7, 9, and 15.
[3] SMF at ¶ 12-13.

**B. Summary Judgement on Plaintiff's Count III for Breach of Contract Against Defendant, NY Garden, is Proper as a Matter of Law.**

Summary judgement is proper on Plaintiff's claim for Breach of Contract because the undisputed facts show that Plaintiff and Defendant, NY Garden, entered into a valid contract, which NY Garden breached when it failed to make the payments invoiced.

The elements of a breach of contract claim in Florida are (1) a valid contract, (2) a material breach, and (3) damages. *Morse, LLC v. United Wisconsin Life Ins. Co.* 356 F. Supp. 2d 1296, 1299 (S.D. Fla. 2005). Here, there is no dispute that both Plaintiff and NY Garden are merchants.[4] Likewise, there is no dispute that the purchase orders and Credit Application are valid contracts between Plaintiff and NY Garden.[5] Also, it is undisputed that NY Garden was given a reasonable time to object to the terms and did not do so.[6] As for the material breach, it is also undisputed that NY Garden failed to pay the full amount that it owes for the shipping services performed by Plaintiff.[7] NY Garden's actions indisputably constitute a material breach that has caused Plaintiff damages. As such, this Court should grant summary judgment in favor of Plaintiff on Plaintiff's Breach of Contract claim against NY Garden because the undisputed facts show that NY Garden breached its contract with Plaintiff.

**C.     Summary Judgement on Plaintiff's Count IV for Breach of Contract Against Defendant, Paih, is Proper as Matter of Law.**

Plaintiff is entitled to summary judgement on its Breach of Contract claim against Defendant, Paih, because the undisputed facts show that Plaintiff and Defendant, Paih, entered into a valid contract pursuant to the Credit Application which Defendant, Paih, breached.

---

[4] SMF at ¶ 2-3.
[5] SMF at ¶ 5-6.
[6] SMF at ¶ 14-15.
[7] SMF at ¶ 14.

As stated above, the elements of a breach of contract claim are (1) a valid contract, (2) a material breach, and (3) damages. *Id.* Here, it is undisputed that Plaintiff and Paih entered into a written contract pursuant to the Credit Application executed by Paih on behalf of NY Garden.[8] The Credit Application expressly provides that "[a]ll charges incurred during any month are due and payable according to the terms established by Floral Logistics of Miami."[9] Indisputably, Paih committed a material breach when it failed to satisfy NY Garden's invoices from November 2021 until August 2022, which caused Plaintiff damages as Plaintiff did not receive full compensation for the services provided.[10] Therefore, this Court should grant summary judgement in favor of Plaintiff and against Paih on Plaintiff's Count IV for Breach of Contract because the undisputed facts show that Paih breached the terms of the Credit Application.

**D. Summary Judgement on Plaintiff's Count V for Unjust Enrichment, in the Alternative, Against Defendant, NY Garden is Proper as a Matter of Law.**

In the alternative, summary judgement is proper on Plaintiff's claim for Unjust Enrichment because it is undisputed that Plaintiff provided a service to Defendant, NY Garden, which NY Garden voluntarily accepted and retained the benefit thereof, making it inequitable for NY Garden to retain the benefit without paying Plaintiff for the services.

Under Florida law, a claim for unjust enrichment has three elements: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain the benefit without paying the value thereof. *Carriuolo v. General Motors LLC*, 72 F. Supp. 3d 1323, 1326 (S.D. Fla. 2014). Here, it is undisputed that Plaintiff provided NY Garden with shipping services for its goods and merchandise, which NY Garden voluntarily accepted by

---

[8] SMF at ¶ 6 and 9.
[9] SMF at ¶ 6.
[10] SMF at ¶ 13.

entering into an agreement with Plaintiff and accepting the goods.[11]  NY Garden fully accepted

and retained the benefit of Plaintiff's services when it accepted the delivered goods.[12] As such, it

is indisputable that it would be inequitable for NY Garden to retain the benefits that Plaintiff

provided without paying Plaintiff for the value of the shipping services. Hence, alternatively,

summary judgement should be entered in favor of Plaintiff on its Unjust Enrichment claim against

NY Garden because the undisputed facts show that Plaintiff conferred a benefit on NY Garden and

NY Garden fully accepted this benefit.

**E.**     **Summary Judgement on Plaintiff's Count VI for Promissory Estoppel, in the Alternative, Against Paih is Proper as a Matter of Law.**

Plaintiff is entitled to judgement as a matter of law on its claim for Promissory Estoppel

because the uncontroverted facts show that Plaintiff relied, to its detriment, on Defendant, Paih's

representation that it would satisfy NY Garden's debt pursuant to the Credit Application.

Under Florida law, to state a cause for action for promissory estoppel, the plaintiff must

establish three elements: (1) a representation as to a material fact that is contrary to a later-asserted

position; (2) a reasonable reliance on that representation; and (3) a change in position detrimental

to the party claiming estoppel caused by the representation and reliance thereon. *Vanguard Plastic

Surgery, PLLC v. United Healthcare Insurance Company*, 22-60488-CIV-ALTMAN/Hunt,

2023WL2257961 at *8 (S.D. Florida 2023) (citation omitted). "The essence of promissory

estoppel is detrimental reliance. *Id.* (citations omitted).

Here, it is undisputed that Paih promised Plaintiff that in the event that NY Garden failed

to pay its account, Paih would be responsible for payment.[13] More specifically, the Credit

Application signed by Paih states that "the undersigned […] guarantee[s] payments of applicant's

---

[11] SMF at ¶ 4, 5, and 10-11.
[12] SMF at ¶ 10-11.
[13] SMF at ¶ 6-9 and 15.

[NY Garden] past, present and future obligation to Floral Logistics."[14] Plaintiff reasonably relied on Paih's promise when it agreed to engage in business with NY Garden.[15] In fact, this Credit Application was a prerequisite for Plaintiff to agree to do business with NY Garden.[16] Yet, Paih is now refusing to honor its promise to pay NY Garden's debts by failing to make the due payments.[17] Paih's change in position is indisputably detrimental to Plaintiff as Plaintiff is not able to recover the money that it is owed. Thus, alternatively, summary judgment should be awarded on Count VI for Promissory Estoppel.

## II. DEFENDANTS' AFFIRMATIVE DEFENSES FAIL AS A MATTER OF LAW.

Defendants assert nine (9) so-called Affirmative Defenses, all of which fail as a matter of law. These boilerplate affirmative defenses are either nothing more than mere denials or conclusory allegations that do nothing to defeat Plaintiff's right to summary judgment.

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matter. *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013). "A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Id.* Similarly, an affirmative defense that is nothing more than conclusory allegations fails as a matter of law. *Id.*

### A. Defendants' First Affirmative Defense Fails as a Matter of Law.

Defendants' First Affirmative Defense states as follows:

> The Credit Application signed on September 26, 2019 (Exhibit "B") does not constitute PAIH's personal guaranty for lack of consideration, proper absolute and unconditional guarantee 'language' and terms required to be binding as a personal guarantor of NY Garden's indebtedness.

(ECF No. 42 at 7-8].

---

[14] SMF at ¶ 7.
[15] SMF at ¶ 6.
[16] SMF at ¶ 6.
[17] SMF at ¶ 14.

This is nothing more than a mere denial of Plaintiff's claims and thus not a valid affirmative defense. Plaintiff's Complaint alleges that Paih signed a personal guarantee pursuant to the Credit Application, which makes him liable for the debts of NY Garden to Plaintiff.[18] By stating that the Credit Application is not a binding personal guarantee, Defendant is doing nothing more than denying Plaintiff's claim. Moreover, Defendant's First Affirmative Defense fails to allege any facts in support thereof or give an explanation as to why the personal guarantee is not binding, and it thus fails to give Plaintiff fair notice of the nature of the defense. More specifically, Defendant fails to explain what terms or lack thereof make the guarantee unenforceable. Thus, this affirmative defense is nothing more than a bare-boned legal conclusion unsupported by the record. In fact, the record shows that the personal guarantee is valid and binding. Therefore, summary judgement in favor of Plaintiff on Defendants' First Affirmative Defense is proper as a matter of law.

**B.      Defendants' Second Affirmative Defense Fails as a Matter of Law**

In its Second Affirmative Defense, Defendants allege the following:

> Exhibit 'B' contained PAIH's just one signature. The document is unenforceable as a 'guarantor.' Alternatively, in the event the Court finds PAIH's signature is a personal guarantor of his obligations, any obligations alleged against NY Garden are unenforceable.

(ECF No. 42 at 8).

This affirmative defense fails for multiple reasons. However, as a preliminary matter, Defendants plead two separate and conflicting affirmative defenses within the Second Affirmative Defense. The first defense purports that a guarantor agreement requires more than one signature to be enforceable. However, the statute of frauds requires a written contract guaranteeing the debt of another to be signed only *by the person to be charged*. Florida Statute § 725.01. Thus, because

---

[18] SMF at ¶ 6-9 and 15.

there is no requirement that a personal guarantee be signed by anyone other than the person to be charged—here, Paih—then this argument is meritless under Florida law. Summary judgment should be granted on this basis alone.

However, as for the second defense, Defendants allege that if Paih is a personal guarantor, then NY Garden does not have any enforceable obligations. This argument is illogical, baseless, and unsupported by fact and law. The record indisputably shows that Paih is in fact liable for NY Garden's debts and that NY Garden is indebted to Plaintiff.[19] In fact, Paih's personal guarantee makes no sense absent the credit which was extended to NY Garden. Therefore, summary judgement should be entered in favor of Plaintiff on Defendants' Second Affirmative Defense because the affirmative defense is not supported by law, facts, or the record, and is not a proper affirmative defense but rather a denial of Plaintiff's claims.

**C.      Defendants' Third Affirmative Defense Fails as a Matter of Law**

Defendants' Third Affirmative Defense alleges that "Defendants already paid for approximately $23,377.57 listed on the Invoices on Exhibit "A." (ECF No. 42 at 8).

Defendant have not presented any evidence in support of this affirmative defense. However, for purposes of this Motion only, Plaintiff agrees to reduce the balance owed to it to one hundred fifty-eight thousand two hundred seventy-one dollars and eighty-nine cents ($158,271.89). However, Plaintiff does not concede that Defendants have provided evidence that Defendants paid Plaintiff a total amount of twenty-three thousand three hundred seventy-seven dollars and fifty-seven cents ($23,377.57).

**D.      Defendants' Fourth Affirmative Defense Fails as a Matter of Law**

---

[19] SMF at ¶ 6-9 and 15.

This "affirmative defense" states that "[t]he defective goods were delivered in an unsellable condition. As such, Plaintiff could not charge them to NY Garden." (ECF No. 42 at 8).

Per the terms of the personal guarantee executed by Paih on behalf of NY Garden, "[a]pplicant(s) waive[d] all right to make claim or counter suit unless claims [were] made BOTH in writing by email or fax, and by telephone within 24 hours of receipt of shipment."[20] Yet, Defendants did not make any claims to Plaintiff for the alleged unsellable goods within the required 24 hours.[21] In fact, Defendants did not complain until after Plaintiff served the Validation of Debt Notice on August 23, 2022, for the invoices due.[22] As such, Defendants are barred from raising the conditions of the goods delivered as an affirmative defense. Therefore, summary judgement should be entered in favor of Plaintiff on Defendants' Fourth Affirmative Defense because the record indisputably shows that Defendants waived their right to bring any claims or defenses related to the conditions of the goods.

**E.      Defendants' Fifth Affirmative Defense Fails as a Matter of Law**

In its Fifth Affirmative Defense, Defendants allege that "Plaintiff's claim is barred to the extent Plaintiff failed to perform the delivery of goods or to the extent that Plaintiff failed to satisfy a condition precedent to this action. In other words, Plaintiff's claims are barred, in whole or in part, by the 'first to breach' legal principle." (ECF No. 42 at 8).

First, unsurprisingly, Defendants fail to allege a single fact in support of this defense, further making the affirmative defense factually insufficient under federal rules of procedure. However, Defendants have provided no evidence as it pertains to the Defendants' allegations that Plaintiff failed to satisfy a condition precedent to this action. To the contrary, the record

---

[20] SMF at ¶ 6-8.
[21] SMF at ¶ 11-13.
[22] SMF at ¶ 13.

demonstrates that Plaintiff fulfilled its obligations owed to Defendants.[23] For these reasons, summary judgement on Defendants' Fifth Affirmative Defense should be granted in favor of Plaintiff because it is not supported by the record, and it is nothing more than an attempt to deny Plaintiff's claims with factually unsupported statements.

**F.      Defendants' Sixth Affirmative Defense Fails as a Matter of Law**

Defendants' Sixth Affirmative Defense states that "Plaintiff's claims are barred by the principles of Statute of Frauds, laches, estoppel, waiver, and unclean hands." (ECF No. 42 at 8). As a preliminary matter, this affirmative defense fails as it encompasses several affirmative defenses compounded into one. *See Dionisio v. Ultimate Images and Designs, Inc.*, 391 F. Supp. 3d 1187, 1195 (Fla. S. D. July 2019) (explaining "discrete defenses that have been improperly combined should be pled separately"). However, even if pled separately, the affirmative defenses fail to provide any factual support. Regardless, as explained below, Defendants fail to provide any evidence supporting any one of these five affirmative defenses.

First, Defendants fail to state why or how this claim relates to a transaction falling under the Statute of Frauds. Because Defendants have failed to plead with the required specificity the applicable Florida statute or law in which their Statute of Frauds defense is based, Plaintiff cannot address this defense with any more specificity. Nonetheless, the record does not support any argument based on the Statute of Frauds as the claims are based on written contracts, namely, the invoices and the Credit Application.

Second, Defendants fail to assert the elements of laches: (1) a delay in asserting a right or a claim, (2) that the delay was not excusable, and (3) undue prejudice to the Defendant. *AmBrit, Inc. v. Kraft, Inc.*, 812 F. 2d 1531, 1545 (11th Cir. 1986). In fact, there was no delay as Plaintiff

---

[23] SMF at ¶ 4 and 10-11.

sent a Final Notice of Intent to File Lawsuit to Defendants on August 23, 2022, and commenced this action on November 30, 2022, upon getting no response from Defendants.[24] Regardless, Defendants do not allege a single fact in support of the alleged inexcusable delay from Plaintiff in bringing their claim or how the delay has caused undue prejudice on Defendants.

Third, Defendants further no facts in support of the elements of estoppel. Namely, Defendants fail to show that there was any representation by Plaintiff as to a material fact, that Plaintiff is asserting a position contrary to this alleged representation, or that Defendants have suffered any detriment by relying on the alleged representation in any way. *Oceania III Condominium Association, Inc. v. Westchester Surplus Lines Ins. Co.*, 22-23681-civ-Scola, 2023 WL 2196628 (S.D. Fla. 2023). In fact, Plaintiff's position has not changed – Plaintiff satisfied its end of the bargain when it delivered the goods to the conformity of Defendants.[25]

Fourth, Plaintiff has not waived any rights, and Defendants fail to explain the applicability of waiver to the present case. Waiver requires (1) the existence of a right, privilege, benefit, or advantage at the time of the waive; (2) actual or constructive notice thereof; (3) an intention to relinquish such right, privilege, benefit, or advantage. *Matter of Garfinkle*, 672 F.2d 1340, 1347 (11th Cir. 1982). Unsurprisingly, not a single fact is stated by Defendants supporting any of these elements. Moreover, there is nothing on the record that even tends to suggest any intention from Plaintiff to waive their right to bring their claim against Defendants.

Finally, to assert an unclean hands defense, a defendant must show that plaintiff committed wrongdoing which is directly related to the claim and that the defendant was personally injured by the wrongdoing. *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015). This affirmative defense is devoid of any facts or explanations as to the alleged wrongdoing committed

---

[24] SMF at ¶ 13-14.
[25] SMF at ¶ 4 and 10-11.

by the Plaintiff. Moreover, the record shows that Defendants are barred from raising any claims against Plaintiff regarding the quality of the goods delivered unless claims were made within 24 hours of receipt of shipment, which the Defendants failed to do.[26] Hence, to the extent that the Defendants intend to argue that Plaintiff's wrongdoing involves delivering the goods in poor condition, Defendants are barred from making this argument pursuant to the contracts.[27]

For the reasons stated above, summary judgement should be entered in favor of Plaintiff and against Defendants on this affirmative defense (or compilations of affirmative defenses) because Defendants cannot point to anything on the record in support of their allegations.

**G.      Defendants' Seventh Affirmative Defense Fails as a Matter of Law**

Defendants' Seventh Affirmative Defense alleges that "Plaintiff's damages must be reduced, and set off from Defendants' checks and 'defective' goods." (ECF No. 42 at 9).

As explained several times throughout this Motion, the record shows that Defendants are barred from making any claims about defective goods because such claims were not timely raised within the 24 hours required by the Credit Application agreement.[28] Because Defendants did not make said claims, they cannot provide any evidence in support of their allegations that the goods arrived defective.

However, as it relates to the checks allegedly received from Defendants, this affirmative defense is duplicative of Defendants' Third Affirmative Defense. As set forth in detail above, Plaintiff agrees to reduce the balance owed to it to one hundred fifty-eight thousand two hundred seventy-one dollars and eighty-nine cents ($158,271.89). However, this concession is only for the purpose of this Motion, and Plaintiff does not concede that Defendants have provided evidence

---

[26] SMF at ¶ 8 and 11-13.
[27] SMF at ¶ 13-14.
[28] SMF at ¶ 8 and 11-13.

that Defendants paid Plaintiff a total amount of twenty-three thousand three hundred seventy-seven dollars and fifty-seven cents ($23,377.57).

Thus, because Defendants cannot offer any evidence supporting their allegations and, in fact, the indisputable facts contradict Defendants' allegations, summary judgement should be entered in favor of Plaintiff.

## H. Defendants' Eighth Affirmative Defense Fails as a Matter of Law

In its Eighth Affirmative Defense, Defendants allege that "Plaintiff knew or should have known that Defendants protested, objected, and related credits due from the farm in Colombia. Thus, Plaintiff's claim fails because it did not mitigate damages." (ECF No. 42 at 9).

To the extent that Defendants allege that Plaintiff knew or should have known that Defendants protested, objected, and related credits due, this is not a valid affirmative defense but rather a denial of Plaintiff's claim. More specifically, paragraph 12 of Plaintiff's Complaint states that "Defendants received, inspected, and accepted in conformity any goods delivered ancillary to the Services." Moreover, Defendants failed to file a claim within the 24 hours of delivery of the goods or any time prior to Plaintiff requesting payment for the services provided.[29] Therefore, summary judgement is proper on this affirmative defense in favor of Plaintiff.

## I. Defendants' Ninth Affirmative Defense Fails as a Matter of Law

For its Ninth Affirmative Defense, Defendants assert the following:

> Plaintiff's claims are barred in whole or in part on the ground that if Plaintiff was damaged, such damage was a direct and proximate result of the intervening and superseding actions on the part of Plaintiff, Plaintiff's agents, independent contractors, and/or transportation personnel, not Defendants, and any such intervening or superseding cause of the goods being destroyed cannot be ascribed to any legal duty violated by Defendants.

(ECF No. 42 at 9).

---

[29] SMF at ¶ 13-14.

To date, there is no proof on the record of the goods being destroyed as alleged by Defendants, and Defendants do not allege a single fact in their affirmative defense in support of that allegation. Moreover, this is a mere denial of Plaintiff's claim and not an affirmative defense. As explained above, Defendants received, inspected, and accepted in conformity any goods delivered ancillary to the Services.[30] Moreover, because Defendants did not file any claims within the 24 hours as required by the agreement—the Credit Application— between the Parties, Defendants are barred from alleging that the goods were indeed damaged. As such, no evidence exists on the record of any claims being filed to support the allegation that the goods were destroyed. Thus, summary judgement should be entered on this affirmative defense because Defendants are barred from raising claims regarding the condition of the goods or services by virtue of their failure to make a timely claim.

## CONCLUSION

For the reasons set forth above, summary judgement on Plaintiff's claims and Defendant's affirmative defenses is proper because there is no genuine dispute of material fact and judgment is proper as a matter of law.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court grant summary judgement in its favor on Counts II-VI, award damages referenced in this Motion ($158,271.89), including attorney's fees and costs, and any other relief this Court deems just and proper.

## NO CERTIFICATION REQUIRED

As Plaintiff seeks summary judgment, no pre-filing conference is required because the requested relief is excused from same pursuant to the Local Rule 7.1(a)(3).

---

[30] SMF at ¶ 10-12.

Respectfully submitted on this 9th day of August 2023.

**AINSWORTH + CLANCY, PLLC**
801 Brickell Ave., 8th Floor
Miami, FL 33131
Telephone: (305) 600-3816
Facsimile: (305) 600-3817
*Counsel for Plaintiff*

By: s/ Ryan Clancy
Ryan M. Clancy, Esq.
Florida Bar No. 117650
Email: ryan@business-esq.com
Email: info@business-esq.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 9, 2023, I electronically filed the foregoing via

CM/ECF which will automatically send a copy of same to all registered users in this matter.

By: s/ Ryan Clancy
Ryan M. Clancy, Esq.
