UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-20073-CIV-ALTONAGA/Damian

FLORAL LOGISTICS OF MIAMI, INC.,

    *Plaintiff/Counter-Defendant*,

v.

NEW YORK GARDEN FLOWER
WHOLESALE, INC., and DHAN
PAIH, an individual,

    *Defendants/Counter-Plaintiff*.

_____/

**<u>PLAINTIFF'S, FLORAL LOGISTICS OF MIAMI, INC., REPLY
IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT'S, NEW YORK
GARDEN FLOWER WHOLESALE, INC., *THIRD* AMENDED COUNTERCLAIM</u>**

Plaintiff/Counter-Defendant, FLORAL LOGISTICS OF MIAMI, INC. ("Floral Logistics" or "Counter-Defendant"), by and through the undersigned counsel, hereby files its Reply in Support of its Motion to Dismiss ("Motion to Dismiss"), [ECF No. 43], Defendant/Counter-Plaintiff's, NEW YORK GARDEN FLOWER WHOLESALE, INC. ("NY Garden" or "Counter-Plaintiff") Third Amended Counterclaim [ECF No. 42].[1] Counter-Defendant states as follows:

---

[1] Yet again, the very first page of Counter-Plaintiff's "Memorandum" is filled with typographical errors making it confusing and challenging to reply to. [ECF No. 46]. Thus, as a preliminary matter and for clarification, the "Memorandum" is incorrectly titled "Defendant*s'* Memorandum in Opposition to Plaintiff's *Second Motion to Dismiss*" (hereinafter referred to as the "Memorandum"). *Id.* The "Memorandum" further states:
> Defendants NEW YORK GARDEN FLOWER WHOLESALE, INC. ("NY Garden") and DHAN
> PAIH, by and through their counsel, hereby file this Memorandum in Opposition to the motion by
> Plaintiff - Counterclaim Defendant FLORAL LOGISTICS OF MIAMI, INC. ("Floral Logistics")
> to Dismiss *the Second Count of the Counterclaim*, and respectfully state as follows:

*Id.* (emphasis added).

However, before the Court is the Motion to Dismiss the *Third* Amended Counterclaim, not the Second Amended Counterclaim. Also, Counter-Defendant does not seek to simply dismiss the "Second *Count* of the Counterclaim" but the entirety of the Third Amended Counterclaim. In the very least, however, the Court should dismiss the Second Count of the Third Amended Counterclaim. Lastly, the Third Amended Counterclaim is brought by NY Garden solely, excluding individual Defendant, DHAN PAIH, as a Counter-Plaintiff. [ECF No. 42]. Nevertheless, the "Memorandum" is filed by both Defendants. *Id.*

1

## INTRODUCTION

The Parties have spent approximately six (6) months litigating the deficiencies in Counter-Plaintiff's pleadings. Despite multiple amendments, Counter-Plaintiff misses the boat again. In its "Memorandum," while Counter-Plaintiff cherry picks certain arguments from the Motion to Dismiss (and fails to successfully counter-argue such points), Counter-ignores several arguments that are detrimental to the survival of Counter-Plaintiff's Third Amended Counterclaim. Thus, the "Memorandum" does nothing but offer another baseless attempt to defend itself from dismissal. That said, in light of the deficiencies, answering the Third Amended Counterclaim in its current form would lead to insurmountable issues in discovery, pre-trial motions, and trial. This Court made clear that this was Counter-Plaintiff's final opportunity to amend and plead a sufficient counterclaim, and because Counter-Plaintiff failed to correct several deficiencies, Counter-Plaintiff's pleading must be dismissed with prejudice.

## PROCEDURAL HISTORY

Counter-Plaintiff's "Procedural History" section of its "Memorandum" is fraught with blatant misrepresentations. However, rather than outlining each misrepresentation, Counter-Defendant directs the Court's attention to the most flagrant misrepresentation:

> Accordingly, on April 20, 2023, NY Garden filed an Answer with Amended Counterclaims, followed by *another* motion by Plaintiff, arguing that the independent tort doctrine bars NY Garden's negligence Counterclaim. This was the motion that was *denied* by Court Order (ECF No. 41) of June 30, 2023.

(ECF No. 46 at 2-3). Therein, Counter-Plaintiff states that the Motion to Dismiss the Second Amended Counterclaim was "denied." However, the Order entered by the Court on June 30, 2023, specifically states "Floral Logistics' Motion is *granted* in part" and "Defendant New York Garden Flower Wholesale, Inc.'s *second and third counterclaims are dismissed* with one final opportunity to amend." (ECF No. 42 at 1 and 12).

**RELEVANT MATERIAL FACTS AS TO SECOND CAUSE OF ACTION**

In its "Relevant Material Facts as to Second Cause of Action" Section, Counter-Plaintiff alleges supplemental facts that go beyond the four corners of its Third Amended Counterclaim. (ECF No. 46 at 3-4). However, in deciding a motion to dismiss, the Court's analysis is limited to the four corners of a complaint and the attached exhibits. *Grossman v. Nationsbank*, 225 F.3d 1228, 1231 (11th Cir. 2000). Regardless, Counter-Plaintiff's factual allegations in the "Memorandum" contradict its pleadings. Counter-Plaintiff describes shipments made in April and May of 2022 and then alleges that such "shipping jobs" were done by ANTHONY S. TRUCKIN in November of 2022.

**POINT I**[2]

**I. COUNTER-PLAINTIFF COMINGLES SEVERAL CLAIMS WITHIN THE SECOND CAUSE OF ACTION.**

In its "Memorandum," Counter-Plaintiff argues the following:

> [T]he Second Cause of Action is a single claim of negligent delivery which does *not incorporate any of the preceding allegations* against the single Counterclaim Defendant. It is *hardly true* that, as Floral Logistics argues, there are 'multiple claims comingled within the Second Cause of Action'.

(ECF No. 46 at 5). Counter-Plaintiff then goes on to substantiate *only* its allegation of negligent misrepresentation, ignoring all of the other comingled claims. (ECF No. 46 at 5).

As a preliminary matter, Counter-Plaintiff incorrectly believes that shotgun pleading comes only in the form of incorporating preceding allegations from a former claim, which is not the case. To support its argument, Counter-Plaintiff states that "[Counter-Defendant] attempts to compare this situation to the situation in *Barmapov v. Amuial*, 906 F.3d 1321 (11th Cir. 2021)" and then distinguishes the facts between the cases. (ECF No. 46 at 4-5). However, in its Motion to

---

[2] Counter-Defendant addresses Counter-Plaintiff's arguments in the order in which they were made in the "Memorandum."

Dismiss, the Counter-Plaintiff simply quotes *Barmapov* for the proposition that "[t]he 'self-evident' purpose of th[is] rule[] is 'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading.'" (ECF No. 43 at 6). Plus, Counter-Plaintiff pulled this quotation directly from *the Court's* Order. (ECF No. 41 at 5). Nevertheless, as case law and this Court makes clear, comingling of claims is a form of shotgun pleading. (ECF No. 41 at 5).

Counter-Plaintiff has misunderstood the term "shotgun pleading" since the very beginning of the case. To date, the Court orally explained the definition of shotgun pleading to Counter-Plaintiff's counsel and has even gone so far as to spell out the case law and bounds of shotgun pleading in its previous order. (ECF No. 41 at 5). However, Counter-Plaintiff has clearly, and ignorantly, failed to fully understand shotgun pleading and thereby continues to plead in violation of Federal Rule of Civil Procedure 10(b).

More specifically, contrary to Counter-Plaintiff's assertion, the Second Cause of Action for Negligent Delivery comingles several additional negligence claims: negligent delivery, negligent misrepresentation, negligent hiring, negligence per se, negligent inspection, negligent design, negligent maintenance, and negligence under the theory of *res ipsa loquitur*. In response, Counter-Plaintiff plainly denies any comingling of claims and notes that its negligence misrepresentation allegation relates to Florida's undertaker's doctrine in paragraph 34 of the Third Amended Counterclaim. (ECF No. 46 at 4-5). However, it is unclear how the below allegation is related in any way to Florida's undertaker's doctrine:

> **SECOND CAUSE OF ACTION: (ALTERNATIVE PLEADING: NEGLIGENT DELIVERY)**
>
> 18. In the event this Court finds no contract exists between the parties, NY Garden alleges negligent misrepresentation on the part of Floral Logistics.

(ECF No. 42 at ¶ 18). A basic reading of paragraph 18 is that Counter-Plaintiff alleges negligent misrepresentation on the part of Counter-Defendant. And even if Counter-Plaintiff intended the connection between the negligent misrepresentation claim and Florida's undertaker's doctrine, it only solidifies that Counter-Plaintiff maintains a cause of action for negligence misrepresentation within the Second Cause of Action regardless of any purported connection.

Otherwise, Counter-Plaintiff ignores the other negligence-based claims pled within the Second Cause of Action. For the sake of avoiding repetition, Counter-Defendant brings the Court's attention to the following: negligent hiring alleged in paragraph 44(viii); negligence per se alleged in paragraph 44(ix): negligent design, maintenance, and inspection alleged in paragraph 45; and negligence under the theory of res ipsa loquitur alleged in paragraph 45. It is not surprising that Counter-Plaintiff fails to address the aforementioned claims in its "Memorandum" because comingling clearly exists. It is surprising, however, that of all of the negligence-based claims pled, the negligent hiring claim remains because the Court already explained that such an allegation was improper commingling in its Order entered on June 30, 2023. (ECF No. 41 at 5) ("Because the elements of a negligent misrepresentation, negligent hiring, and negligent delivery claim are different, stating the three claims in different counts would undoubtedly 'promote clarity.'").

In sum, this Court and Counter-Defendant have gone considerable lengths to inform Counter-Plaintiff of the shotgun pleading deficiencies in its Counterclaims. These are very basic, fundamental premises of pleading a sufficient claim under the Federal Rules of Civil Procedure. Counter-Plaintiff's complete ignorance and defiance of this Court's Order has not only wasted judicial resources but has also caused significant delays. Thus, this Court should dismiss Counter-Plaintiff's pleading with prejudice.

## II. COUNTER-PLAINTIFF FAILED TO ADEQUATELY PLEAD A CLAIM FOR AGENCY RELATIONSHIP.

Counter-Plaintiff admits in its "Memorandum" that it has not pled a claim for actual agency between Counter-Defendant and Counter-Defendant's ground courier, ANTHONY S. TRUCKIN ("Anthony Truckin"). (ECF No. 46 at 5-6). Regardless, Counter-Plaintiff seemingly argues that it is not required to plead an agency relationship until after discovery is conducted.

First, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . ." *Wendel v. International Real Estate.News, LLC*, 19-21658-Civ-WILLIAMS/TORRES, 2020 WL 9597825, at *1 (S.D. Fla. March 3, 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted) (alteration in original). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . ." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Counter-Plaintiff asserts claims against Counter-Defendant for Breach of Agreement, Negligent Delivery, and Promissory Estoppel. All three claims are premised on the theory that Counter-Defendant's ground courier, Anthony Truckin, acted as Counter-Defendant's agent. However, the Third Amended Counterclaim fails to allege sufficient facts supporting an agency relationship with Anthony Truckin or details regarding the role of Anthony Truckin in this litigation. Counter-Plaintiff cannot merely rely on discovery to meet its pleading requirements.

Second, Counter-Plaintiff blatantly misrepresents the holding in *Taste Trackers, Inc. v. UTI Transport Solutions, Inc.,* No. 13-23377-CIV, 2014 WL 129309, at * 2 (S.D. Fla. Jan. 2014). Counter-Plaintiff incorrectly states, "in *Taste Trackers* the court did not dismiss the negligence claim." (ECF No. 46 at 6). However, there, the court most definitely dismissed the negligence claim. The court explained in clear language, "because both counts of the Complaint are premised

6

upon an agency theory, the Complaint must be *dismissed* for failure to state a claim." *Taste Trackers*, 2014 WL 129309, at * 2. Therefore, similar to *Taste Trackers*, the Counter-Plaintiff's Third Amended Counterclaim should be dismissed because Counter-Plaintiff fails to sufficiently allege the three elements of a claim for actual agency.

**III.   COUNTER-PLAINITFF'S SECOND CAUSE OF ACTION IS BARRED BY THE INDEPENDENT TORT DOCTRINE.**

In its "Memorandum," Counter-Plaintiff does not directly respond to Counter-Defendant's argument that the Second Cause of Action for Negligent Delivery is barred by the independent tort doctrine. Counter-Plaintiff's only potential counterargument is, "NY Garden alleges that Credit Application is not a contract." (ECF No. 46 at 6). However, Counter-Plaintiff completely misses the crux of Counter-Defendant's independent tort doctrine argument.

Specifically, Counter-Plaintiff fails to appreciate that it admits the existence of duty-imposing contracts in its very own Negligent Delivery claim. In paragraphs 22 through 32, Counter-Plaintiff alleges that several invoices were issued by Counter-Defendant for the delivery of the "flowers" to Counter-Plaintiff. (ECF No. 42 at ¶ 22–32). Additionally, in the Negligent Delivery claim, Counter-Plaintiff admits the existence of the Application for Credit. (ECF No. 42 at ¶ 41). Counter-Plaintiff makes the undeniable and fatal mistake of alleging that Counter-Defendant had a duty to "reasonably dispatch" all shipments based on the terms of the Application for Credit and Counter-Defendant failed to "reasonably dispatch[], safeguard[], and deliver[] [all aforesaid shipments] to [Counter-Plaintiff]." (*Id.* at ¶ 42–43). As such, there is no independent tort or duty alleged in the Negligent Delivery claim from that alleged in the Breach of Contract claim, and the Parties' respective duties, if any, are entirely grounded in contracts with no additional conduct alleged outside of it and the obligations thereunder. Therefore, Counter-Defendant cannot defeat Counter-Plaintiff's independent tort doctrine argument this time.

## POINT II

**IV. COUNTER-PLAINTIFF'S CLAIMS ARE, PARTIALLY, PREEMPTED BY CARMACK.**

Counter-Plaintiff argues that its claims are not preempted by the Carmack Amendment because the shipment originated in South America, and Carmack is not applicable to international shipment of goods. (ECF No. 46 at 6-7). While Counter-Plaintiff is correct that Carmack does not preempt claims related to the shipping from Colombia to Florida, Carmack covers the ground transportation from Florida to New York. Counter-Plaintiff's own allegations differentiate between the air transportation—Colombia to Florida—and the ground transportation—Florida to New York. (ECF No. 42 at ¶¶ 34 and 43-44). Therefore, Carmack preempt Counter-Plaintiff's claims as they relate to interstate shipping.

## CONCLUSION

Therefore, Counter-Plaintiff's Third Amended Counterclaim must be dismissed. Counter-Plaintiff has demonstrated an inability to meet the minimum requirements under the pleading standards and a defiance for this Court's order. This Court made clear that this was Counter-Plaintiff's final opportunity to amend and plead a coherent and sufficient counterclaim, and because Counter-Plaintiff failed to correct several deficiencies, Counter-Plaintiff's pleading must be dismissed with prejudice.

**WHEREFORE**, Counter-Defendant, Floral Logistics of Miami, Inc., respectfully requests this Honorable Court enter an order dismissing the Third Amended Counterclaim with prejudice, awarding Counter-Defendant attorneys' fees and costs, and granting any and all additional relief this Court deems just and proper.

## NO CERTIFICATION REQUIRED UNDER LOCAL RULE 7.1(a)(3)

As Counter-Defendant is seeking dismissal of the Third Amended Counterclaim for

Counter-Plaintiff's failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6), no conference as to the requested relief is required pursuant to the Local Rules of this Court. Respectfully submitted on this 14th day of August 2023.

        **AINSWORTH + CLANCY, PLLC**
        *Attorneys for Plaintiff*
        801 Brickell Avenue, 8th Floor
        Miami, Florida 33131
        Telephone: (305) 600-3816
        Facsimile: (305) 600-3817

        By: *s/ Ryan Clancy*
        Ryan Clancy, Esq.
        Florida Bar No. 117650
        Email: ryan@business-esq.com
        Email: info@business-esq.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 14, 2023 a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF.

        By: *s/ Ryan Clancy*
        Ryan Clancy, Esq.