UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FLORAL LOGISTICS OF MIAMI, INC.,
a Florida Profit Corporation,

                                 Plaintiff,

-against-

NEW YORK GARDEN FLOWER WHOLESALE,
INC., a New York Profit Corporation, and DHAN
PAIH, an individual,

                                 Defendants.

-----------------------------------------------------------------/

**Case No.: 23-20073-CIV-ALTONAGA/Damian**

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF FLORAL LOGISITCS OF MIAMI, INC'S MOTION FOR SUMMARY JUDGMENT

Law Offices of Daniel D. Kim

By: Daniel D. Kim, Esq.
*Attorneys for Defendants*

Daniel D. Kim, Esq.

On the Brief

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii, iii

PRELIMINARY STATEMENT ....................................................................................................1

STATEMENT OF MATERIAL FACTS .......................................................................................1

LEGAL STANDARD ....................................................................................................................1

LEGAL ARGUMENT

POINT I
PLAINTIFF FAILED TO SHOW AN EXPRESS OR IMPLICIT
PROMISE TO PAY ACCOUNT STATED SHOWN ON ITS EXHIBIT B ................................ 4

POINT II
DEFENDANT'S PERSONAL GUARANTY IS INAPPLICABLE
BECAUSE THERE IS NO EXPLICIT AGREEMENT FOR WHICH HE
IS PERSONNALY LIABLE ..........................................................................................................6

POINT III
PLAINTIFF'S REQUEST TO STRIKE AFFIRMATIVE
DEFENSES IS PREMATURE AND MUST BE DENIED ...........................................................8

CONCLUSION  ............................................................................................................................11

## TABLE OF AUTHORITIES

Page

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242(1986) at 249 .................................................................................................. 3

*Carpenter Contractors of Am. Inc. v. Fastener Corp. of Am., Inc.*,
611 So. 2d 564, 565 (Fla. 4th DCA 1992) ............................................................................ 4

*Celotex Corp. v. Catrett*,
477 U.S. 317, 325 (1986) ..................................................................................................... 2

*Celotex Corp. v. Catrett*,
477 U.S. 317, 322 (1986) ..................................................................................................... 2

*Clemons v. Dougherty County*,
684 F.2d 1365 (11th Cir. 1982) ............................................................................................ 3

*Clemons v. Dougherty County*,
684 F.2d 1365, 1369 (11th Cir. 1982) .................................................................................. 3

*Daniels v. Twin Oaks Nursing Home*,
692 F.2d 1321, 1326 (11th Cir. 1982) .................................................................................. 3

*E.E.O.C. v. Cali. Psychiatric Transitions, Inc.*,
725 F. Supp. 2d 1100, 1118 (E.D. Cal. 2010) ...................................................................... 9

*First Nat'l Bank v. Cities Serv. Co.*,
391 U.S. 253, 288-289 (1968) .............................................................................................. 4

*Jones v. City of Columbus, Ga.*,
120 F.3d 248, 253 (11th Cir. 1997) ................................................................................. 10S

*Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*,
420 F.2d 1211, 1213 (5th Cir. 1969) .................................................................................... 3

*Peter F. Merkle, M.D. v. Health Options, Inc.*,
940 So.2d 1190, 1199 (Fla. 4th DCA 2006) ........................................................................ 4

*Merrill-Stevens Dry Dock Co. v. "corniche Express"*,
400 So. 2d 1286 (Fla. 3rd DCA 1981) .................................................................................. 4

*Patterson & Wilder Constr. Co. v. United States,*
226 F.3d 1269, 1273 (11th Cir. 2000)..................................................................................3

*Pussinen v. Target Corp.,*
731 Fed. Appx 936, 938 (11th Cir. 2018)............................................................................3

*Snook v. Trust Co. of Georgia Bank of Savannah, N.A.,*
859 F.2d 865, 860-871 (11th Cir. 1988) ............................................................................10

*Warrior Tombigbee Transp. Co. v. M/V Nang Fung,*
695 F.2d 1294, 1296 (11th Cir. 1983) ..................................................................................2

*Western Group Nurseries Inc. v. Ergas,*
167 F.3d 1354, 1360 (11th Cir. 1999)..................................................................................8

*Winforge, Inc., v. Coachmen Indus., Inc.,*
691 F.3d 856, 872 (7th Cir. 2012).......................................................................................9

**Rules & Authorities**

USCS Fed R Civ. Proc R 8(c)................................................................................................8

USCS Red. R. Civ. Proc. R. 56 .............................................................................................1

Rule 56(e).............................................................................................................................2

Rule 56(c).........................................................................................................................2, 3

Restatement 2d of Contracts ..…………………………………………………………….8

## PRELIMINARY STATEMENT

Plaintiff Floral Logistics of Miami, Inc. ("Plaintiff") moves for summary judgment on its breach of contract claim against Defendants New York Garden Flower Wholesale, Inc ("NY Garden") and Dhan Paih, a/k/a Daniel Bae ("Defendant") (collectively "Defendants"). The motion oversimplifies material facts and avoids the issues which must be decided by a jury. Plaintiff points to a personal guarantee for payments (for Mother's Day flowers -- which were delivered late and unusable) but as asserted in the Counterclaims the Credit Application signed by Defendant does not create personal liability. Accordingly, the motion must be denied.

## STATEMENT OF MATERIAL FACTS

Defendants respectfully refer the Court to the Response To Plaintiff's Alleged Undisputed Facts and Defendants' Additional Facts which has been filed separately.

## LEGAL STANDARD

Fed. R. Civ. Pro. 56 states, in relevant part:

(a) A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law . . .

(c) (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

1

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact . . .
> 
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated . . .
> 
> (e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> 
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it; or
> (4) **issue any other appropriate order.**

(Emphasis added.)

"Rule 56(c) permits a proper summary judgment motion to be opposed by any of the kinds evidentiary materials listed in Rule 56(c)." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

Plaintiff bears the burden of demonstrating that there is no dispute as to any material fact. *Warrior Tombigbee Transp. Co. v. M/V Nang Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983). "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and *identifying* those portions of 'the pleadings, depositions, answers to interrogatories, and admission on file together with the affidavit, if any' which it believes demonstrate the absence of a genuine material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

"In assessing whether the movant has met this burden, the courts should view the

2

evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion." *Clemons v. Dougherty County,* 684 F.2d 1365 (11th Cir. 1982) (citing, Rule 56(c)) at 1368. "All reasonable doubts about the facts should be resolved in favor of the non-movant. *Id.* at 1369.

A reasonable inference can "defeat" the summary judgment motion and the reasonable inference is the one that a "reasonable and fair-minded person in the exercise of impartial judgment might draw from the evidence." *Pussinen v. Target Corp.,* 731 Fed. Appx 936, 938 (11th Cir. 2018) (citing *Daniels v. Twin Oaks Nursing Home,* 692 F.2d 1321, 1326 (11th Cir. 1982)). Summary judgment must be denied and the case must proceed to trial even though the basic facts are undisputed if the parties disagree regarding the material factual inferences that properly may be drawn from these facts. *Clemons v. Dougherty County,* 684 F.2d 1365, 1369 (11th Cir. 1982) (citing *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.,* 420 F.2d 1211, 1213 (5th Cir. 1969)).

Summary judgment cannot be granted "even where parties agree on the basic facts but disagree about the inferences that should be drawn from these facts, if reasonable minds *might* differ on the inferences arising from undisputed facts." *Patterson & Wilder Constr. Co. v. United States,* 226 F.3d 1269, 1273 (11th Cir. 2000) (emphasis added.)

Issues of material fact are "not required to be resolved conclusively in favor of [Defendant] asserting its existence; rather all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolved the parties' differing version of the truth at trial." *Andersoncv. Liberty Lobby, Inc.,* 477 U.S.

3

242, 249 (1986) (citing *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 288-289 (1968)).

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF FAILS TO SHOW AN EXPRESS OR IMPLICIT PROMISE TO PAY ACCOUNT STATED SHOWN ON ITS EXHIBIT "B"

"For an account stated to exist, there must be **agreement** between the parties that a certain balance is correct and due and **an express or implicit promise to pay** this balance." *Peter F. Merkle, M.D. v. Health Options, Inc.,* 940 So.2d 1190, 1199 (Fla. 4th DCA 2006) (emphasis added) (citing *Carpenter Contractors of Am. Inc. v. Fastener Corp. of Am., Inc.,* 611 So. 2d 564, 565 (Fla. 4th DCA 1992)).

In *Merrill-Stevens Dry Dock Co. v. "Corniche Express",* 400 So. 2d 1286 (Fla. 3rd DCA 1981), the Court of Appeals of Florida, Third District affirmed the trial court's denial of the plaintiff's claim based on account stated based on the defendant's testimony that he repeatedly objected to the invoice amounts. *Id.* at 1987. This is the situation here, where (as is not disputed) whenever Defendant called to complain about "missing" items or defective items, Plaintiff always insisted Defendant submit the claim forms and then simply ignored or rejected Defendant's claim. Defendant states under oath that all his attempts were useless and he would rather continue to work transporting flowers than try to argue because Plaintiff never allowed any credits and he is not fluent enough in English to argue. His repeated argument had no bearing against Plaintiff. *Affidavit of Def* at ¶¶ 6, 7. However,

4

Defendant has never conceded or agreed to pay for goods which Plaintiff delivered late and defective.

On the other hand, Plaintiff unequivocally stated that it provided "trucking and hauling services throughout the U.S." *Plaintiff's Memo* at p. 1. It then argues that it "performed the service in good faith, and Defendant accepted the service without complaints or objection and received." Affidavit of Kathy Luna at ¶ 10.

Plaintiff further argues that there "was an express agreement between the parties, as evidenced by the invoices and the Credit Application." *Plaintiff's Brief* at p.4, ¶ 3. In support of its motion, Plaintiff submits an Invoice as Exhibit "B". The Invoice was dated August 23, 2022. However, Defendant had already contacted in or about July 2022, when he collected all documents from the farmers and the farmers rejected a request for refunds of $75,919.31 for the damaged flowers. Moreover, Plaintiff failed to credit the $22,511.24 which Defendant had already paid. Defendant's counsel's email of October 13, 2022 tried to resolve the dispute by not including the $51,081 loss of profit, which now has to be alleged in the Counterclaim ¶ 51,081. *Def's Counsel Declaration.*

Interestingly, Plaintiff agrees to reduce the amount of $23,377.57 in this motion. *Def's Brief* at p. 10, ¶ C. This is an admission that Exhibit "B" wrongfully stated the account. How can Plaintiff also argue that Defendant agreed to pay the Invoice?

Finding that Defendant did *not* agree to the amount shown on the Invoice requires a finding that Defendant is lying under oath. This is for a jury to determine. Plaintiff cannot, as a matter of law, show an express or implicit agreement made with Defendant to pay the

$180,340.98 shown on the Invoice.

## POINT II

## DEFENDANT'S PERSONAL GUARANTY IS INAPPLICABLE BECAUSE THERE IS NO EXPLICIT AGREEMENT FOR WHICH HE IS PERSONALLY LIABLE

Defendant's Personal Guaranty stems from his signing the "Credit Application" on or about September 26, 2019. Defendant reasonably believed that its purpose was to allow Plaintiff would run his personal credit scores since his company did not have commercial line of credits or social security number. Whether Defendant misunderstood the agreement, or there was sufficient consideration or mutual assent to bind all future shipments, or whether boilerplate language appeared on the bottom of the form is binding, need not be addressed in this motion because the alleged Invoice, account stated, is in genuine dispute. Plaintiff cannot enforce any personal guaranty without a showing that no genuine issues of material facts exist relevant to the Invoice. As shown above, this cannot be done.

However, if this Court finds that there was an express agreement relevant to the Mother's Day shipments to be paid by Defendant, notwithstanding defective goods destroyed during Plaintiff's shipment process, one must note that ¶5 of the Credit Application, Exhibit "C" is ambiguous.

¶ 5 of the Credit Application, Exhibit "C" states:

> Applicants(s) waive(s) all right to make claim or counter suit unless claims are made BOTH in writing by email or fax, and by telephone with 24 hours or receipt of shipment, Cargo liability is limited to $10.00 per case, unless declared value amount, is specified on bill landing. No liabilities for any delays or particular shipping schedule[,] other than reasonable dispatch. . . .

6

Plaintiff argues, "Defendants did not make any claims to Plaintiff for the alleged unsellable goods within 24 hours. In fact Defendants did not complain until after Plaintiff served the Validation of Debt Notice on August 23, 2022." *Def's Brief* at p. 11. But as noted Defendant already disputed and showed that Defendant had contacted Plaintiff in July. Tellingly, Kathy Luna in her Affidavit does not state that Defendant did not contact Plaintiff. The argument of waiver is not based on any evidence, and is contradicted by what evidence exists.

Defendant (per the Affidavit) states that his claims were rejected and ignored whenever he called. Further, Plaintiff's wrongful conduct vitiates any 24-hour "waiver" provision. Plaintiff submitted claims but they were rejected and ignored. Subsequent to September 2019, whenever Defendant complained, Plaintiff continued to reject and ignore Defendant to the point that he thought he would rather suffer the loss for now than lose time and energy further "arguing" with them.

Further, there is no reason to even require notice within 24 hours, unless the intent is to preclude legitimate claims for delay. The provision is unconscionable and as such can be modified by the Court.

Further, the exculpatory provision has an exception for "other than reasonable dispatch". Plaintiff cannot deny that Defendants relied on the Mother's Day shipments being timely, that Plaintiff knew that there was such reliance, and knew that untimeliness would be to Defendant's detriment.

7

*Restatement 2d of Contracts (Rules in Aid of Interpretation)* provides:

(1) Words and other conduct are interpreted in the light of all the circumstances, and if the principal purpose of the parties is ascertainable it is given great weight.
(2) A writing is interpreted as a whole, and all writings that are part of the same transaction are interpreted together.
(3) Unless a different intention is manifested,
 (a) where language has a generally prevailing meaning, it is interpreted in accordance with that meaning;
 (b) technical terms and words of art are given their technical meaning when used in a transaction within their technical field.
(4) Where an agreement involves repeated occasions for performance by either party with knowledge of the nature of the performance and opportunity for objection to it by the other, any course of performance accepted or acquiesced in without objection is given great weight in the interpretation of the agreement.
(5) Wherever reasonable, the manifestations of intention of the parties to a promise or agreement are interpreted as consistent with each other and with any relevant course of performance, course of dealing, or usage of trade.

In *Western Group Nurseries Inc. v. Ergas,* 167 F.3d 1354, 1360 (11th Cir. 1999), the Circuit Court applied this guidance as to an ambiguous term in a contract, holding that the ambiguity was for a jury to resolve. *Id.* at 1361. Accordingly, Defendant contends that the applicability, modification, or waiver of the 24-hour notice requirement are essential questions of facts to be determined at trial -- *after* Plaintiff successfully proves the existence of the contract.

## POINT III

## PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES IS PREMATURE AND MUST BE DENIED

Fed. R. Civ. Pro. 8(c) provides a list of affirmative defenses, which is not

exhaustive. As we know, there are affirmative defenses that can defeat Plaintiff's case even if all Plaintiff's allegations are true. *See, Winforge, Inc., v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012) *and E.E.O.C. v. Cali. Psychiatric Transitions, Inc.*, 725 F. Supp. 2d 1100, 1118 (E.D. Cal. 2010).

Plaintiff argues that Defendant's First Affirmative (lack of consideration) should be dismissed as a matter of law because it is "nothing more than a mere denial of Plaintiff's claim". *Plaintiff's Brief* at p. 9. But lack of consideration is one of those actually enumerated in Rule 8(c). The allegation of a personal guaranty directly relates to the disputed Invoice, Exhibit "B," not just the Credit Application, for lack of consideration.

Secondly, Plaintiff argues against the "one signature" affirmative defense. *Plaintiff's Brief* at p. 9. But the signature goes to a central issue: how could the Defendant be liable under the Invoice where the only purpose of the Credit Application was to allow access to his credit score?

Plaintiff also argues against the fourth affirmative defense, citing the 24-hour notice provision. As noted above, this provision is at least arguably unconscionable.

Plaintiff's attempt to dismiss Defendant's fifth affirmative defense is, at best, puzzling. Defendant made it clear that Plaintiff failed to deliver the goods, which is the condition precedent to the Personal Guaranty. Moreover, Defendant detrimentally relied on Plaintiff's promise to deliver the temperature-sensitive flowers to NY Garden for redistribution. This is the key element in Defendant's Promissory Estoppel

9

Counterclaim and the argument cannot be dismissed as a matter of law.

Plaintiff also seeks to dismiss the seventh affirmation defense (Statute of Frauds). But Defendant's signature does not appear on the Invoice, and as noted the signature on the Credit Application was for a different purpose. Again, this is for a jury to sort out. Nor is there any argument to be made about laches, given the July 2022 protest by Defendant and the fact that the 24-hour notice provision was waived by the course of conduct between the parties. And as for estoppel, it cannot be argued if Defendant succeeds on the above issues.

It can certainly be a subject of judicial notice that Mother's Day is one of the biggest profit days in the flower business. Defendant detrimentally relied on Plaintiff's assurance and then suffered the loss. Defendant's waiver defense is relevant as it relates to Defendant's personal liability. Defendant seeks equitable modification, waiver or inapplicability of the personal liability contained in the Credit Application.

"The law in the Eleventh Circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of motion for summary judgment." *Jones v. City of Columbus, Ga.,* 120 F.3d 248, 253 (11th Cir. 1997). "The party opposing a motion for summary judgment has a right to challenge the affidavits and other materials submitted in support of the motion by conducting sufficient discovery. . . Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to requests." *Id.* (Citing, *Snook v. Trust Co. of Georgia Bank of*

*Savannah, N.A.*, 859 F.2d 865, 860-871 (11th Cir. 1988)).

Here, Plaintiff moved for summary judgment and then, just last week, served over 2000 pages of documents, some of which are completely irrelevant to this case and are extremely difficult to comprehend. Defendants respectfully request additional time to review and analyze the documents and need more time to complete discovery. However, Defendants have no intention to ask for adjournment of the trial date or any other scheduled dates. Defendants have been working with Plaintiff on a consent basis to accommodate each other's needs. Accordingly, if this Court finds inadequate responses related to the affirmative defenses, Defendant prays that this part of the motion to be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court deny the present motion in its entirety.

Respectfully submitted,

Law Offices of Daniel D. Kim

By Daniel D. Kim

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of August 2023, a true and correct copy of the foregoing Defendants' Brief In Opposition, Affidavit In Opposition, and Declaration of Counsel In Opposition are being served this day on counsel of record, via Notice of Electronic Filing generated by CM/ECF to: Ryan M. Clancy, Esq. (ryan@business-esq.com), Anne Victoria Kotlarz, Esq. (Anne@business-esq.com), & Yamila Lorenzo, Esq. (yamila@business-esq.com) AINSWORTH + CLANCY, PLLC, Attorneys for Plaintiff.

Submitted and filed by:

s/ Jose A. Blanco

Jose A. Blanco, Esq.