**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-20073-CIV-ALTONAGA/Damian**

FLORAL LOGISTICS OF MIAMI, INC.,
a Florida Profit Corporation,

     Plaintiff,

 -against-

            **AFFIDAVIT OF**
            **DHAN PAIH a/k/a**
            **DANIEL BAE**
            **IN OPPOSITION**
            **TO PLAINTIFF'S**
            **SUMMARY JUDGMENT**
            **MOTION**

NEW YORK GARDEN FLOWER WHOLESALE,
INC., a New York Profit Corporation, and DHAN
PAIH, an individual,

     Defendants.
------------------------------------------------------------------/
   STATE OF NEW JERSEY)
         ) ss.:
   COUNTY OF BERGEN  )

  DANIEL BAE a/k/a DHAN PAIH, being duly sworn, deposes and says:

  1.  I am over 18 years of age, of sound mind and otherwise competent to make this Affidavit. The evidence set out in the foregoing Affidavit is based on my personal knowledge.

  2.  I am the president of New York Garden Flower Wholesale Inc. ("NY Garden"), and I submit this Affidavit In Opposition To Plaintiff FLORAL LOGISTICS OF MIAMI, INC'S ("Plaintiff") motion for Summary Judgment.

  3.  On or about September 26, 2019, I sought to hire a shipping

company to transport flowers from South America. When I contacted Plaintiff, I was told I had to fill out the Credit Application. Thus, I filled it out and sent it.

4. I thought Plaintiff required a search for my personal credit scores to be its customer. I had no idea that the Credit Application contained my personal guarantee for shipments, which is listed at the bottom after paragraph 9. After the lawsuit, I learned from my counsel that such a provision was included in the Credit Application following the last paragraph.

5. Neither was I aware of paragraph 5, which indicates that my company is required to notify in writing to claim any losses in addition to making a phone call.

6. However, ever since we started the business, I made calls whenever a box or two were missing, or defective goods were delivered. Every time I called, every Plaintiff's employee, including "Linda" on the other line, told me to submit the claim form. But each time I called to follow up, Plaintiff ignored or rejected my claims. However, Linda or anyone else mentioned that unless I file a claim in writing within 24 hours, I would be forfeiting our rights to contest the claim. Nor did they raise that issue to deny the claims. They simply ignored and rejected my claims.

7. My claims were useless and a waste of time. Instead, I would rather continue to work in my shop, loading and transporting flowers to my customers, than try to argue. Besides, since I am not fluent enough in English to argue, it would build up stress.

8.     The 24-hour notice in writing requirement does not make sense in the flower wholesale industry because as soon as flowers come in by truck, our employees must move them immediately into the refrigerated room to keep them at the right temperature. After stacking up the flower boxes, it would take at least one day to open them to closely examine their conditions without tempering them.

9.     Plaintiff knows well that it takes time to verify the contents of the boxes without jeopardizing the temperature-sensitive flowers. Plaintiff has never advised me orally, let alone in writing, that their rejection was based on untimeliness under paragraph 5 of the Credit Application. In fact, they never mentioned the 24-hour requirement in the Credit Application because it was required essentially to review my credit scores to be approved as a customer.

10.     If Plaintiff now argues that my claims are untimely, I contest that the 24-hour requirement has been waived or modified based on our conduct of dealings since September 2019.

11.     According to the Complaint, Plaintiff's claims are related to the outstanding invoices from November 2021 through August 2022. However, Plaintiff miscalculated approximately $22,511, which I already paid even during the financially difficult COVID-19 session. Of course, I objected to it, but again, I was ignored or rejected.

12.     In or about April 2022, I contacted farms in South America, including Colombia, Valley, Cultivos Del Norte, and CQ Flowers (collectively "Farms"), to obtain the best quality flowers for Mother's Day on May 8, 2022,

which is one of the busiest sale days for flowers in the U.S.

13. I spent time and money to secure the best quality goods to be sold to the approximately twenty small retail flower shops and businesses in the boroughs of New York: Brooklyn, Bronx, Queens, and Long Island.

14. NY Garden had maintained a long-term relationship and developed creditworthiness with these small businesses, which greatly relied on NY Garden's shipments.

15. In April 2022, all aforesaid farms confirmed that they had loaded the goods via airplane by transferring custody to Plaintiff.

16. Plaintiff agreed to deliver the goods via air transportation from Colombia to Florida and then by ground courier from Florida to NY Garden's business location.

17. NY Garden reasonably relied on Plaintiff's promise to deliver the goods in time while safeguarding the quality of the flowers.

18. Specifically, Plaintiff agreed to deliver the goods on time, by the end of April, for NY Garden's wholesale business for Mother's Day on May 8, 2022.

19. The aforesaid flowers were scheduled to be delivered at the end of April to NY Garden's business location. They were not. They arrived beyond the expected date on the first week of May 2022.

20. When the boxes were opened, the flowers were in bad condition, burned, "warmed" out, and defective, so they could not be sold to retailers. Of course, when I complained, Plaintiff ignored and rejected my claims as usual. Not

until this lawsuit did I learn that the Plaintiff's rejection could have been predicated on paragraph 5 of the Credit Application. Nor has anyone mentioned it because it was waived through the course of our dealing, and even if applicable, it should be unenforceable in light of Plaintiff's unreasonable delay in delivery and caused destruction of the temperature-sensitive flowers creating havoc amid Mother's Day sale.

21.    In or about July 2022, after farmers told me that they could not reimburse me for the loss of the goods, I ordered our employee Ediberto Hernandez to request a claim against Plaintiff, and he made the claim accordingly but was rejected.

22.    The approximate total amount paid for flowers combined with the transportation fee due to Plaintiff was $80,909.31.

23.    Due to NY Garden's reliance on Plaintiff's promises, NY Garden sustained an actual and significant loss of $51,081 in profits, as well as the loss of reputation and goodwill as to our business relationships with retailers due to late and defective goods delivery.

24.    I have read the foregoing Affidavit, and the facts stated in it are true to the best of my knowledge and belief.

I respectfully request that Plaintiff's summary judgment motion be denied in its entirety and any other remedy that to this Honorable Court seems just and proper.

Respectfully submitted,

Daniel Bae a/k/a Dhan Paih

Daniel Bae, a/k/a Dhan Paih, sworn to me before this
23rd day of August, 2023

Notary Public (Daniel D. Kim
Admitted In the State of New Jersey)