UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 23-20073-CIV-ALTONAGA/Damian

FLORAL LOGISTICS OF MIAMI, INC.
a Florida Profit Corporation,

    Plaintiff/Counter-Defendant

vs.

NEW YORK GARDEN FLOWER
WHOLESALE, INC., a New York
Profit Corporation, and DHAN
PAIH, an individual,

    Defendants/Counter-Plaintiff.
_____/

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANTS' THIRD AMENDED COUNTERCLAIM**

**COMES NOW,** Counter-Defendant, FLORAL LOGISTICS OF MIAMI, INC. ("Floral Logistics" or "Counter-Defendant"), by and through undersigned counsel, hereby files its Answer and Affirmative Defenses to the Third Amended Counterclaim ("Counterclaim") filed by Counter-Plaintiff, NEW YORK GARDEN FLOWER WHOLESALE, INC. ("NY GARDEN" or "Counter-Plaintiff"), as follows:

**PARTIES, JURISDICTION & VENUE**

    1.    Denied, as phrased.

    2.    Counter-Defendant admits that Counter-Plaintiff alleges that damages are in excess of $75,000.00, exclusive of interest, costs, and attorney's fees, but denies that Counter-Plaintiff is entitled to such relief and the remainder of the allegations contained in Paragraph 2.

    3.    Admitted.

1

**FIRST CAUSE OF ACTION: BREACH OF AGREEMENT**

4. Counter-Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 4, and therefore, denies same.

5. Counter-Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 5, and therefore, denies same.

6. Counter-Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 6, and therefore, denies same.

7. Counter-Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 7, and therefore, denies same.

8. Denied, as phrased.

9. Denied, as phrased.

10. Denied.

11. Denied.

12. Denied.

13. Counter-Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 13 as they relate to what Counter-Plaintiff observed when "the boxes were opened," and therefore, denies same.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

**SECOND CAUSE OF ACTION: (ALTERNATIVE PLEADING: NEGLIGENT DELIVERY)**

18. The Court dismissed Count II with prejudice on or about August 18, 2023, and

therefore, Counter-Defendant does not respond to the allegations contained therein.

19. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

20. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

21. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

22. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

23. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

24. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

25. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

26. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

27. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

28. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

29. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

30. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

31. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

32. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

33. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

34. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

35. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

36. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

37. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

38. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

39. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

40. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

41. The Court dismissed Count II with prejudice on or about August 18, 2023, and

therefore, Counter-Defendant does not respond to the allegations contained therein.

42. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

43. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

44. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

45. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

46. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

47. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

48. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

49. The Court dismissed Count II with prejudice on or about August 18, 2023, and therefore, Counter-Defendant does not respond to the allegations contained therein.

### THIRD CAUSE OF ACTION: (ALTERNATIVE PLEADING: PROMISSORY ESTOPPEL)

50. Denied.

51. Denied, as phrased.

52. Denied, as phrased.

53. Denied, as phrased.

54. Denied, as phrased.

55. Denied, as phrased.

56. Denied, as phrased.

57. Denied, as phrased.

58. Denied.

59. Counter-Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 59, and therefore, denies same.

60. Denied.

61. Counter-Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 61, and therefore, denies same.

62. Counter-Defendant is without sufficient information and knowledge to admit or deny the allegations set forth in Paragraph 62 as they relate to what Counter-Plaintiff observed when "the boxes were opened," and therefore, denies same.

63. Denied.

**PRAYER FOR RELIEF**

**WHEREFORE,** Counter-Defendant further denies the entirety of Counter-Plaintiff's WHEREFORE clause and that Counter-Plaintiff is entitled to any of the relief requested therein.

**AFFIRMATIVE DEFENSES**

**I. First Affirmative Defense – Unclean Hands**

Counter-Defendant asserts that Counter-Plaintiff has unclean hands in this matter. To assert an unclean hands defense, a defendant must show that the plaintiff's wrongdoing is directly related to the claim and that the defendant was personally injured by the wrongdoing. *Bailey v. Titlemax of Ga., Inc.*, 776 F.3d 797, 801 (11th Cir. 2015) (citing *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450-451 (11th Cir. 1993). Here, it is clear that the Counter-Plaintiff's wrongdoing

was related directly to the claim at hand, breaching the contract with the Counter-Defendant initially by neglecting to pay the $181,649.46 they owed, representing the reasonable value of the Services delivered. Further, Counter-Defendant was injured personally by the wrongdoing, suffering damages represented by the aforementioned amount due by the Counter-Plaintiff which constitutes a material breach of the contract between the parties. Thus, the acts committed by the Counter-Plaintiff bar the demand for judgment made by Counter-Plaintiff based on the defense of unclean hands as asserted.

### II. Second Affirmative Defense – Waiver

Counter-Defendant asserts the defense of waiver against the Counter-Plaintiff. Waiver is the intentional relinquishment or abandonment of a known right or privilege. *United States v. Harris*, 798 Fed. Appx. 519, 524 (11th Cir. 2020). In this matter, the Counter-Plaintiff waived potential claims against the Counter-Defendant by accepting the flowers upon delivery without rejection. Additionally, Counter-Plaintiff accepted the flowers without submitting any applicable claims. As such, Counter-Plaintiff waived any claims against Counter-Defendant, and Counter-Plaintiff's demand for judgment is therefore barred.

### III. Third Affirmative Defense – Failure to State a Proper Claim

Counter-Defendant asserts the defense of estoppel against the Counter-Plaintiff. Dismissal for failure to state a proper claim is warranted where the facts alleged do not state a claim for relief that is plausible on its face. *Diaz v. Miami Dade Cmty. Coll.*, No. 19-23432-CIV, 2019 U.S. Dist. LEXIS 172150 (S.D. Fla. Oct. 2, 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Here, Counter-Plaintiff failed to file a proper claim as allowed under the parties' contract and course of dealing, having engaged in voluntary conduct through acceptance of the flowers and not filing a claim thereafter, precluding them both at law and in

equity from asserting rights that could have previously existed, with Counter-Defendant relying on their voluntary conduct. Thus, Counter-Plaintiff's demand for judgment is barred because of their failure to state a proper claim.

### IV. Fourth Affirmative Defense – Unavoidable Accident

Counter-Defendant asserts the defense of unavoidable accident against the Counter-Plaintiff. An accident is unavoidable if the accident would have happened regardless of what the defendant did. *Fischer v. S/Y Neraida*, 508 F.3d 586, 596 (11th Cir. 2007). Here, harm to the flowers would have occurred regardless of the actions conducted by the Counter-Defendant, as the airline engaged in the transportation of the flowers independently, serving as a superseding cause rather than any action or lack thereof by Counter-Defendant. Thus, any harm caused to the flowers in this matter would be the result of an unavoidable accident, barring Counter-Plaintiff's demand for judgment.

### V. Fifth Affirmative Defense – Laches

Counter-Defendant asserts the defense of laches against the Counter-Plaintiff. To establish laches, a party must show a delay in asserting a right or a claim, that the delay was not excusable, and that the delay caused undue prejudice. *Citibank, N.A. v. Citibanc Grp., Inc.*, 724 F.2d 1540, 1546 (11th Cir. 1984) (citing *Environmental Defense Fund, Inc. v. Alexander*, 614 F.2d 474, 478 (5th Cir. 1980). Counter-Plaintiff undoubtedly delayed in asserting a claim, as they failed to file a claim pursuant to the applicable claim procedures and did not initially reject the flowers. Counter-Defendant reasonably relied upon Counter-Plaintiff's voluntary acceptance of the flowers, and Counter-Plaintiff's delay in filling the claim and failure to abide by the procedures in place have caused undue prejudice to the Counter-Defendant through expenditure of significant resources and such in this matter. Thus, Counter-Plaintiff's demand for judgment is barred because of the laches

defense.

### VI. Sixth Affirmative Defense – First to Breach

Counter-Defendant asserts the defense of prior breach against the Counter-Plaintiff. Prior material breach of a contract excuses further performance by the other party, with the other party being released from any obligation to perform upon the contract as such. *Managed Care Sols. v. Cmty. Health Sys.*, No. 10-60170-CIV-MORE, 2012 U.S. Dist. LEXIS 195410 (S.D. Fla. May 14, 2012) (citing *Miller v. Reinhart*, 548 So. 2d 1174, 1175 (Fla. 4th DCA 1989)). Here, the Counter-Plaintiff breached the contract initially, failing to pay the amount due for the delivery of the flowers which they voluntarily accepted and failed to reject or file a claim pursuant to the applicable procedures. Hence, this prior breach would release the Counter-Defendant from any obligation to perform upon the contract following said breach in the event that the Counter-Defendant breached at all. Therefore, Counter-Plaintiff's demand for judgment is barred due to their prior breach.

### VII. Seventh Affirmative Defense – Failure to Submit Claim

Counter-Plaintiff's claims are barred because it failed to follow the required claim process. Counter-Plaintiff was required to follow a specific claim process for any deficiencies with goods transported by Counter-Defendant. However, Counter-Plaintiff failed to do so. Thus, Counter-Plaintiff is barred from asserting its causes of action against Counter-Defendant.

### VIII. Eighth Affirmative Defense – Setoff

Counter-Plaintiff's alleged damages must be set off by any money it owes to Counter-Defendant for services it performed. More specifically, Counter-Plaintiff currently owes Counter-Defendant approximately $181,649.46, which must be set off by Counter-Plaintiff's alleged damages.

### IX. Nineth Affirmative Defense – Failure to Join Indispensable Parties

Counter-Plaintiff's claims are barred on the grounds of failure to joint indispensable parties. Indispensable parties such as Anthony's Trucking have an interest in Counter-Plaintiff's claims of such a nature that a final judgment could not be rendered without affecting its interests and/or would leave this controversy in such a condition that its final termination would be wholly inconsistent with equity and good conscience.

## PRAYER FOR RELIEF

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and award its reasonable attorney's fees and costs as may be available under Federal law and statutes, and such other relief as the Court deems just and proper.

Dated: August 28, 2023

**AINSWORTH + CLANCY, PLLC**

801 Brickell Ave., 8th Floor
Miami, Florida 33131
Telephone: 305-600-3816
Facsimile: 305-600-3817
*Counsel for Plaintiff / Counter-Defendant*

By: /s/ Ryan Clancy
Ryan Clancy, Esq.
Florida Bar No.: 117650
Email: ryan@business-esq.com
Email: info@business-esq.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 28, 2023 a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF.

By: /s Ryan Clancy
Ryan Clancy, Esq.