**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 23-20073-CIV-ALTONAGA/Damian

FLORAL LOGISTICS OF MIAMI, INC.
a Florida Profit Corporation,

      Plaintiff,

vs.

NEW YORK GARDEN FLOWER
WHOLESALE, INC., a New York
Profit Corporation, and DHAN
PAIH, an individual,

      Defendants,
_____/

**PLAINTIFF'S MOTION IN LIMINE**

Plaintiff, FLORAL LOGISTICS OF MIAMI, INC. ("Plaintiff"), by and through undersigned counsel, hereby moves for this Honorable Court to enter an Order in Limine to prohibit Defendants from stating, arguing, or otherwise eliciting, including during voir dire, testimony concerning the matters set forth herein.

**INTRODUCTION**

Testimony or arguments regarding the items described below are inadmissible for any legitimate purpose in that no evidence has been produced through discovery procedures or otherwise to establish the validity of any statements regarding the subjects. As such, permitting statements of any kind concerning these matters without evidence to support said statements would only serve to prejudice the jury. Accordingly, Plaintiff requests an Order determining that the following matters are inadmissible for any purpose during trial in the above-styled cause or, in the alternative, limit the scope of any inquiry into the matters referenced below at trial.

## FACTUAL BACKGROUND

1. On or around November 4, 2021 up until at least August 11, 2022, Plaintiff provided a variety of services to Defendants, including but not limited to trucking (the "Services").

2. The Services were invoiced to Defendant, NY Garden, and the amount owed totaled $181,649.46.

3. Before the provision of the Services by Plaintiff, Defendants completed a credit application on September 26, 2019, which Defendant, Dhan Paih, signed as personal guarantor, establishing his commitment to pay the amount owed should NY Garden refuse to do so.

4. On the dates described in the list of invoices provided to Defendants for the Services rendered, Plaintiff performed such in good faith, and Defendants accepted the Services without complaint or rejection.

5. In fact, Defendants received, inspected, and accepted in conformity any goods delivered ancillary to the Services.

6. However, Defendants owe the full amount stated in the total invoices and have failed to compensate Plaintiff for such.

7. On or about August 23, 2022, counsel for the Plaintiff sent a "Validation of Debt Notice" to the Defendants.

8. Defendants responded to the "Validation of Debt Notice" by proclaiming that they disputed the debt and claiming that they had opened claims with Plaintiff, despite claims never having been opened and Defendants having been aware of the process, with the entire amount owed for the Services remaining due.

9. Plaintiff as a result was forced to retain the services of the undersigned law firm and is obligated to pay them a reasonable fee for their services.

## LEGAL STANDARD

A motion in limine is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered. *Benestad v. Johnson & Johnson*, No. 20-60496-CIV, 2022 U.S. Dist. LEXIS 184264 (S.D. Fla. Mar. 28, 2022) (citing *Luce v. United States*, 105 S. Ct. 460 (1984)). In Limine motions essentially seek a prophylactic against the introduction of damaging evidence that could irretrievably affect the fairness of the trial. *ADT LLC v. Vivint Smart Home, Inc.*, No. 20-cv-23391, 2023 U.S. Dist. Lexis 88227 (S.D. Fla. May 19, 2023) (citing *Benson v. Facemyer*, No. 1:13-cv-595, 2017 U.S. Dist. LEXIS 59295, 2017 WL 1400558, at * 1 (N.D. Ga. Apr. 19, 2017)).

Further, a court has the power to exclude evidence in limine when such evidence is clearly inadmissible, with federal district courts having the authority to make such rulings pursuant to their authority to manage trials. *Luce*, 105 S. Ct. 460 (1984). Motions in limine aid the trial process by allowing the court to rule in advance of trial on the relevance of certain forecasted evidence as to issues that are set for trial without lengthy argument at, or interruption of, the trial. *Conway v. Celebrity Cruises, Inc.*, No. 19-24470-CIV-, 2022 U.S. Dist. LEXIS 74171 (S.D. Fla. Apr. 22, 2022) (citing *Mowbray v. Carnival Corp.*, 2009 U.S. Dist. LEXIS 139933, 2009 WL 10667070, at * 2 (S.D. Fla. April 13, 2009)).

## MEMORANDUM OF LAW

### I. Inadmissible Statements due to Failure to Submit Proper Claim

Plaintiff moves to preclude any mention of the alleged defects of the flowers and shipping delays as Defendants failed to follow the required claim process under the terms of the Parties' contract, and as such, the admission of the aforementioned statements by Defendants would be unfairly prejudicial to the Plaintiff in this matter. The Court has the discretion to exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid.

403. Beyond evidence that would have adverse effects on a party's case, unfair prejudice concerns the possibility that the evidence at hand will excite the jury to make a decision on an improper basis. *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1347 (S.D. Fla. 2010). The supposed defective condition of the flowers and shipping delays are essentially the sole basis for the Defendants' position that they are not obligated to pay Plaintiff for the amount owed. However, the contract between the Parties explicitly says the following:

> Applicants() waive(s) all right to make claim or counter suit unless claims are made BOTH in writing by email or fax, and by telephone within 24 hours of receipt of shipment. Cargo liability is limited to $10.00 per case, unless declared value amount is specified on bill of lading. No liabilities for delays or particular shipping schedule, other than reasonable dispatch. No liability to damages due to packaging integrity.

*See* Application of Credit at ¶ 5 attached hereto as Exhibit 'A.'

Discovery has revealed that Defendants failed to submit a proper claim to Plaintiff within 24 hours of receipt of shipment. Thus, considering the lack of proof that Defendants complied with the aforementioned claim process, allowing Defendants to make statements regarding the condition of the flowers and shipping delays in the presence of a jury would influence jury members to reasonably rely on such statements despite their lack of probative value. Thus, any mention of the alleged defects of the flowers and shipping delays should be precluded to avoid unfair prejudice to the Plaintiff through allowance of such.

        II.        **<u>Inadmissible Statements regarding Plaintiff's Insurance Benefits</u>**

Plaintiff moves to preclude any mention that the Plaintiff is or is not eligible for insurance benefits or benefits from any other collateral sources. The collateral source evidentiary rule prohibits admission of collateral sources in a liability trial, serving to prevent the jury from being led to believe that the plaintiff is trying to obtain double or triple payment for one injury. *Blanco v. Capform, Inc.*, No. 11-23508-CIV, 2013 U.S. Dist. LEXIS 3385, 2013 WL 118171, at * 3 (S.D.

Fla. Jan. 9, 2013); *Gormley v. GTE Products Corp.*, 587 So. 2d 455, 458 (Fla. 1991). Further, the Florida Supreme Court has recognized the inherently damaging effect of a jury hearing collateral source evidence on the issues of liability and damages. *Zanakis v. Scanreco, Inc.*, No. 1:18-cv-21813-UU, 2019 U.S. Dist. LEXIS 88996 (S.D. Fla. Apr. 8, 2019) (citing *Sheffield v. Superior Ins. Co.*, 800 So. 2d 197, 203 (Fla. 2001)). As such, allowing Defendants to comment on any potential benefits that Plaintiff may or may not procure from an applicable third party may confuse the jury with respect to both liability and damages. Therefore, any mention by Defendants of potential benefits that Plaintiff may derive from other collateral sources should be precluded.

**WHEREFORE,** Plaintiff, FLORAL LOGISTICS OF MIAMI, INC., respectfully requests that this Honorable Court enter an order granting this Motion in Limine, ruling the stated matter inadmissible, and prohibiting their mention or use of such in an exhibit at any time during *voir dire*, opening statement, examination or cross-examination of witnesses, closing argument, or at any other time in the presence of the jury in this case, and grant any and all such further relief as this Honorable Court may deem just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

**I HEREBY CERTIFY** that counsel for the Plaintiff has attempted to confer with all parties or non-parties who may be affected by the relief sought in this Motion in a good faith effort to resolve the issues, and Defendants' counsel responded with their opposition.

Dated: September 5, 2023                              Respectfully submitted,

**AINSWORTH + CLANCY, PLLC**
801 Brickell Avenue, 8th Floor
Miami, Florida 33131
Telephone: (305) 600-3816
Facsimile: (305) 600-3817
*Counsel for Plaintiff*

By: s/ Ryan Clancy
Ryan Clancy, Esq.
Florida Bar No. 117650
Email: ryan@business-esq.com
Email: info@business-esq.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this September 5, 2023, a true and correct copy of the foregoing was furnished to all parties entitled to service under the Fla. R. Jud. Admin. 2.516.

By: s/ Ryan Clancy
Ryan Clancy, Esq.
