**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 23-20073-CIV-ALTONAGA/Damian

FLORAL LOGISTICS OF MIAMI, INC.
a Florida Profit Corporation,

       Plaintiff/Counter-Defendant,

vs.

NEW YORK GARDEN FLOWER
WHOLESALE, INC., a New York
Profit Corporation, and DHAN
PAIH, an individual,

       Defendants/Counter-Plaintiffs,

                                    /

## PLAINTIFFS' RESPONSE IN OPPOSITION
## TO DEFENDANTS' DISCOVERY MEMORANDUM

COMES NOW, Plaintiff, FLORAL LOGISTICS OF MIAMI, INC. ("Plaintiff"), by and through undersigned counsel, hereby files its Response in Opposition to Defendants, NEW YORK GARDEN FLOWER WHOLESALE, INC. ("NY Garden") and DHAN PAIH ("Paih") (collectively referred to as "Defendants"), Discovery Memorandum (the "Memorandum"), and in support thereof states as follows:

## SUMMARY OF THE ARGUMENTS

Defendants have had *six months* to conduct discovery since the Court entered its Order Setting Trial and Pre-Trial Schedule on January 19, 2023. Similarly, Defendants had *fifteen days* after Plaintiff served its interrogatory responses to meet and confer and to file a proper Discovery Motion. Nevertheless, Defendants served their discovery requests late, noticed a deposition late, and filed their Memorandum late. In an attempt to justify these significant delays, Defendants' Memorandum is fraught with deficiencies such as filing a Memorandum instead of a Motion,

1

failing to attach the correct interrogatory responses, and including correspondence between the Parties, all of which are prohibited by this Court. On top of all of this, Defendants make several misrepresentations in their Memorandum related to correspondence with Plaintiff's counsel, of which Plaintiff's counsel vehemently denies.

Put simply, Defendants' complete defiance for this Court's order and the Local Rules warranted a denial of any relief requested by Defendants in their Memorandum and an award of sanctions in favor of Plaintiff.

## **PROCEDURAL HISTORY**

1. On January 19, 2023, the Court entered its Order Setting Trial and Pre-Trial Schedule ("Trial Order"), **ordering that discovery be *completed* by July 24, 2023.**

2. Between February 2023 to August 2023, the Parties engaged in months of litigating Defendants' counterclaims due to their significant deficiencies.

3. In fact, it took Defendant *four* amendments of the counterclaim and *multiple* orders of dismissal to finally correct deficiencies.[1]

4. Nevertheless, while the counterclaim was being litigated, Plaintiff served its First Request for Admissions, First Set of Interrogatories, and First Request for Production on Defendants (the "Plaintiff's Discovery") on June 23, 2023, making Defendants' responses due on July 24, 2023, which was before the cutoff for discovery.

5. On June 27, 2023, Defendants served their Request for Production and First Set of Interrogatories on Plaintiff (the "Defendants' Discovery"), making the Plaintiff's responses due on July 27, 2023, which was beyond the cutoff for discovery.

---

[1] Defendants misrepresent to the Court that Motion to Dismiss was denied by the Court on June 30, 2023. However, the Order entered by the Court on June 30, 2023, specifically states "Floral Logistics' Motion is granted in part" and "Defendant New York Garden Flower Wholesale, Inc.'s second and third counterclaims are dismissed with one final opportunity to amend." (ECF No. 42 at 1 and 12). These misrepresentations are a pattern of Defendants.

6. Defendant did not respond to Plaintiff's Discovery nor request an extension of time to do so by June 23, 2023.

7. As such, on July 27, 2023, Plaintiff's counsel emailed Defendants' counsel to meet and confer regarding their delinquent discovery responses, to which Defendants' counsel never responded.

8. On July 28, 2023, Plaintiff's counsel emailed Defendants' counsel for a two-week extension to respond to Defendants' Discovery, to which Defendants' counsel responded "[w]e consent to two weeks of extension for discovery exchange for BOTH sides."

9. On August 11, 2023, Plaintiff served its responses to Defendants' Discovery.

10. It was not until August 23, 2023, *two months* after Plaintiff served its Discovery, that Defendants served their responses to Plaintiff's Discovery.

11. Then, Defendants served the Rule 30(b)(6) deposition notice on September 4, 2023, which is well beyond the discovery cutoff date.

12. On September 5, 2023, the Parties submitted their Joint Pretrial Stipulation, Proposed Jury Instructions, and Verdict Forms, and Plaintiff filed its Motion in Limine.

13. Thereafter, Defendants' counsel emailed Plaintiff's counsel a letter requesting better responses to Defendants' Discovery, and Plaintiff's counsel responded by explaining that Defendants had fifteen days from the date of service to take issue with the responses.

## **ARGUMENT**

Pursuant to the Court's Trial Order, Defendants had approximately six months to serve written discovery and to take depositions. However, Defendants served their discovery with corresponding responses due *after* the discovery cutoff date. Additionally, Defendants attempted to schedule depositions *forty-two days* after the discovery cutoff, which was also after the Parties

filed their Joint Pretrial Stipulation, Proposed Jury Instructions, and Verdict Forms, and Plaintiff filed its Motion in Limine. Finally, pursuant to Magistrate Judge Melissa Damian's Updated Discovery Procedures ("Procedures"), Defendants had until August 28, 2023, to meet and confer and to file a proper Discovery Motion related to any issues Defendants have with Plaintiff's discovery responses. However, Plaintiff waited until September 7, 2023, to do so.

Besides for issues related to timing, Defendants' Memorandum is invalid and does not warrant consideration as it fails to adhere to guidelines of the Court and Local Rules. The Procedures state that the moving party shall attach to their Discovery Motion any requests for production, requests for admission, or interrogatories that are in dispute and the written responses thereto, if any. Defendants disregarded this instruction, failing to attach the correct interrogatory response. Also, the Court prohibits the Parties from filing correspondence to a Discovery Motion, which Defendants ignored. As such, Defendants demonstrate an inability to follow the Court's Procedures and the Local Rules.

Otherwise, Defendants fail to provide any explanation as to how Plaintiff's discovery responses are deficient. For instance, Defendants state, "Plaintiff's answers were woefully deficient and listed eight individual names of witnesses to be produced at trial" without explaining why such a response is "woefully deficient." To the contrary, Plaintiff's discovery objections and responses are proper and well-founded.

<u>**CONCLUSION**</u>

**WHEREFORE**, Plaintiff respectfully requests that the Court deny Defendants the relief sought in their Memorandum, grant Plaintiff an award of sanctions for Defendants' complete defiance for this Court's order and the Local Rules, and any other relief deemed just and proper.

Dated: September 15, 2023.          Respectfully Submitted,

4

**AINSWORTH + CLANCY, PLLC**

By:_/s/ Ryan Clancy
Ryan M. Clancy, Esq.
Fla. Bar No. 117650
801 Brickell Ave., 8th floor
Miami, Florida 33131
Email: ryan@business-esq.com
Phone: 305-600-3816
Fax: 305-600-3817
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically

filed on September 15, 2023, with the Clerk of the Court using CM/ECF.

By: /s/ Ryan Clancy
Ryan Clancy, Esq.