**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-20073-CIV-ALTONAGA/Damian**

FLORAL LOGISTICS OF MIAMI, INC.,

*Plaintiff*,

v.

NEW YORK GARDEN FLOWER
WHOLESALE, INC., et al.

*Defendants*.

_____/

## MOTION FOR EXTENSION OF DEADLINE FOR MOTIONS *IN LIMINE*

Plaintiff, FLORAL LOGISTICS OF MIAMI, INC. ("Floral Logistics" or "Plaintiff"), by and through the undersigned counsel, hereby files its Motion for Extension of Deadline for Motions *in Limine*, and in support thereof states as follows:

1. Pursuant to the Court's Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge (the "Pre-Trial Schedule"), the deadline for the parties to file motions *in limine* was September 5, 2023. [ECF No. 10].

2. Also, the deadline to complete all discovery was July 24, 2023. [ECF No. 10].

3. However, well beyond the discovery deadline, on or about September 13, 2023, Defendants filed a Discovery Memorandum seeking permission from this Court to hold a Rule 30(b)(6) deposition. [ECF No. 64].

4. Although Plaintiff vehemently objected to Defendants' Memorandum and untimely request for a Rule 30(b)(6) deposition, on or about September 22, 2023, the Honorable Magistrate Judge Damian entered an Order granting Defendants' request to conduct the deposition on or before October 13, 2023 (the "Order"). [ECF No. 70].

5. Importantly, the Honorable Magistrate Judge Damian granted this relief *after* the deadline for motions *in limine* had already passed.

6. However, in an effort to limit the prejudice to Plaintiff, the Honorable Magistrate Judge Damian also offered Plaintiff the opportunity to depose Defendant's, NY Garden, Rule 30(b)(6) witness. [ECF No.70].

7. Thereafter, Defendants' counsel did not attempt to schedule the deposition of Plaintiff's 30(b)(6) witness until Monday, October 9, 2023—a mere *four days* before the deadline imposed by the Honorable Magistrate Judge Damian.[1]

8. Nevertheless, Plaintiff's 30(b)(6) witness was able to thoroughly prepare for and appear at a deposition on October 13, 2023.But the same cannot be said of Defendant's, NY Garden, 30(b)(6) witness who appeared wholly unprepared, thereby wasting Plaintiff's time, efforts, and resources.

9. More specifically, on October 12, 2023, Plaintiff deposed Defendant's, NY Garden, Rule 30(b)(6) witness—Daniel Bae (otherwise known as Dhan Paih or Daniel Paih). Yet, Defendant's, NY Garden, Rule 30(b)(6) witness had no knowledge of about approximately two thirds of the topics specified in Plaintiff's Notice of Rule 30(b)(6) Video Taped Deposition ("Plaintiff's Notice"), making the deposition nearly useless for Plaintiff.[2]

10. Rule 30(b)(6) of the Federal Rules of Civil Procedure states that "[a] party may in the party's notice and in a subpoena name as the deponent a public or private corporation [...] and describe with reasonable particularity the matters on which examination is requested. In that event,

---

[1] Plaintiff's counsel did not take it upon themselves to schedule either deposition before this because Plaintiff was never the party requesting or demanding that depositions be taken in the first place. In other words, in the event that the Defendants decided to not act on the relief granted by the Honorable Magistrate Judge Damian (or simply missed another deadline), then Plaintiff saw no benefit or need to schedule the depositions for its opponent.

[2] Mind you, it was Defendants' who sought leave from the Court for the depositions and demanded that Plaintiff produce a prepared witness with only four (4) days' notice, and then produced an unprepared, unknowledgeable witness.

the organization so named shall designate […] persons who consent to testify on its behalf. F.R. Civ. P. 30(b)(6). This section was added to the Federal Rules "to avoid 'bandying' by corporations where individual officers disclaim knowledge of facts clearly known to the corporation[.]" *Fox v. Morris Jupiter Associates*, No. 05-80689-CIV, 2007 WL 2819525, at *2 (S.D. Fla. Sept. 25, 2007) (citations omitted).

11. Hence, "[o]nce noticed, the party being deposed is obligated 'to provide a witness who can answer questions regarding the subject matter listed in the notice.'" *Id.* (citations omitted). "[I]f the principal has failed to designate an available, *knowledgeable*, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all[,]" a failure that may be subject to sanctions. *Id.* (citations omitted) (emphasis added).

12. As such, under Federal Law, when Defendant, NY Garden, failed to produce a witness with knowledge of the topics specified on Plaintiff's Notice, it practically failed to appear at the deposition, which further constitutes a failure to comply with this Court's Order.

13. As a result, pursuant to a Motion in Limine attached hereto as Exhibit "A", Plaintiff seeks to exclude from trial all testimony and evidence relating to those topics of which the Rule 30(b)(6) witness produced by Defendant, NY Garden, did not have knowledge during the deposition taken by Plaintiff on October 12, 2023. *See QBE Ins. Corp. v. Jorda Enterprises,Inc.*, 277 F.R.D. 676, 690 (S.D. Fla. 2012) (holding that a corporation which provides a 30(b)(6) designee who testified that the corporation does not know the answers pertaining to questions on certain topic will not be allowed to effectively change its answer by introducing evidence on the topics at trial).

14. Otherwise, the trial would essentially become an ambush against Plaintiff as Plaintiff will not have all the information that it is legally and rightfully entitled to pursuant to

federal law and this Court's Order. Put simply, Defendants' gamesmanship should not be rewarded or protected by a deadline that passed even before the depositions were ordered to take place.

15. Good cause under Fed. R. Civ. Pro. 16(b) exists for this request, which is made in good-faith and not for the purpose of hindering or delaying process, because the events giving raise to the Motion in Limine underlying this Motion occurred after the deadline to file motions *in limine* due to the Honorable Magistrate Judge Damian's ruling, to which Plaintiff objected. Had these depositions not taken place – after the discovery deadline – Plaintiff would not find itself in the position of having to file this Motion *in Limine*.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant this Motion for Extension of Deadline for Motions *in Limine* solely for the purpose of Plaintiff filing the Motion *in Limine* that is attached to this Motion, along with any further relief the Court deems just and proper, including sanctions, costs and attorney's fees.

<u>**CERTIFICATE OF CONFERRAL**</u>

Pursuant to Local Rule 7.1(a)(1)(3)(B), on November 10, 2023, Plaintiff's counsel attempted to confer with Defendants regarding the relief requested in this Motion via email. Counsel were unable to agree to the relief requested as Defendants' counsel did not respond. However, in light of Calendar Call on November 14, 2023, Plaintiff files this Motion while Defendants' counsel's response is pending.

Dated: November 10, 2023.  Respectfully submitted,

**AINSWORTH + CLANCY, PLLC**
*Attorneys for Plaintiff*
801 Brickell Avenue, 8th Floor
Miami, Florida 33131
Telephone: (305) 600-3816
Facsimile: (305) 600-3817

By: *s/ Ryan Clancy*
Ryan Clancy, Esq.
Florida Bar No. 117650
Email: ryan@business-esq.com
Email: info@business-esq.com

## **<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on November 10, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF.

By: *s/ Ryan Clancy*
Ryan Clancy, Esq.